**Kathleen PIRELLI, Petitioner,**

v.

**UNITED STATES, Respondent.**

**Misc. No. 89–716–GT.**

United States District Court,
S.D. California.

Jan. 26, 1990.

Asst. U.S. Attys. John Houston and Kimberly Brown, San Diego, Cal., for respondent.

Paul DiPaolo, San Diego, Cal., for petitioner.

MEMORANDUM DECISION
AND ORDER

GORDON THOMPSON, Jr., Chief Judge.

Petitioner's motion for return of property pursuant to Federal Rule of Criminal Procedure 41(e) came on for hearing at 9:00 a.m. on December 18, 1989 before the Honorable Gordon Thompson, Jr., United

States District Judge. Paul A. DiPaolo, Esq. appeared on behalf of the petitioner. Special Assistant United States Attorney Kimberly Brown appeared on behalf of the respondent. Having fully considered all the pleadings, exhibits, and declarations submitted in support of and in opposition to the motion, the court rules as follows.

## BACKGROUND

On May 13, 1989, an agent of the United States Border Patrol stopped petitioner Kathleen Pirelli's 1980 Chevrolet Corvette at the Temecula fixed checkpoint on Interstate 15. Due to the driver's visibly nervous behavior, the agent referred the vehicle to the secondary inspection area. At secondary inspection, an agent detected the odor of methamphetamine inside the vehicle. The petitioner, who was traveling in the passenger seat, refused to consent to a search of her vehicle and its contents. The agent proceeded to search the petitioner's purse, where he found approximately 917 grams of methamphetamine.

The Border Patrol seized the vehicle and referred the matter to the Drug Enforcement Administration ("DEA") for administrative forfeiture pursuant to 21 U.S.C. § 881. According to the petitioner, DEA did not send her written notice of the seizure until some time in August, 1989. The petitioner promptly filed a claim and cost bond to compel the government to initiate a judicial forfeiture proceeding. The claim and cost bond were defective, however, and the petitioner resubmitted them on October 12, 1989 after DEA gave her the opportunity to cure the deficiency.

The government filed a civil forfeiture complaint on October 27, 1989. The complaint was served on the petitioner in open court at the time of the hearing. The case, Civ. No. 89–1624–E(BTM), was assigned to the Honorable William B. Enright of this court. The petitioner has brought the instant motion as a miscellaneous matter under the supervisory jurisdiction of the Chief Judge of this district, rather than in connection with the forfeiture case before Judge Enright.

## DISCUSSION

The petitioner seeks return of her vehicle on the ground that DEA did not send her written notice of the legal and factual basis of the seizure at the earliest practicable opportunity after determining ownership, as required by 21 U.S.C. § 881–1(b). The petitioner claims that she did not receive the notice for over 60 days after DEA seized her vehicle, and that the agency knew that she owned the vehicle at the time of the seizure.[1] In support of her motion, she cites *Dwyer v. United States*, 716 F.Supp. 1337, 1340 (S.D.Ca.1989), where this court held that a delay of over 60 days before mailing a seizure notice warrants the return of the vehicle and bars further forfeiture proceedings.

Regardless of the merits of the petitioner's arguments, the court will not entertain her motion because the government has already filed a forfeiture complaint. A pre-complaint motion for return of property is an extraordinary remedy to secure justice for claimants who have no other recourse available to them. The initiation of civil forfeiture proceedings abrogates the need for such a remedy, whether framed as a motion pursuant to Federal Rule of Criminal Procedure 41(e) or as a motion brought under the court's general equity jurisdiction.

The petitioner has brought her motion under Rule 41(e), which provides, "A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property on the ground that the person is entitled to lawful possession of the property which was illegally seized." Fed.R.Crim.P. 41(e). The petitioner cannot bring her motion under Rule 41(e), however, because the Ninth Circuit has ruled that a Rule 41(e) motion does

1. The petitioner has submitted no competent evidence to support these allegations. She has not submitted a copy of the seizure notice as an exhibit, nor has she attached a sworn affidavit in support of her contention that she did not receive the seizure notice until August, 1989. Furthermore, there is no evidence to indicate when the DEA had determined ownership of the vehicle.

not survive the filing of a civil forfeiture complaint. *See United States v. $83,-310.78,* 851 F.2d 1231, 1233–34 (9th Cir. 1988). In *$83,310.78,* the court held that a Rule 41(e) motion must be dismissed once the civil forfeiture proceeding is filed, because Federal Rule of Criminal Procedure 54(b)(5) expressly provides that the Federal Rules of Criminal Procedure are not applicable to civil forfeitures. *Id.,* 851 F.2d at 1234.

The court also notes that the petitioner has made no allegations of an unlawful search and seizure, so her motion does not fall within the language of Rule 41(e). Furthermore, in the court's view, Rule 41(e) is never an appropriate mechanism for seeking the return of property which the government has seized for the purpose of bringing a civil forfeiture action. *See Brantz v. United States,* 724 F.Supp. 767, 772 (S.D.Ca.1989). Rule 41(e) is not applicable because a motion for return of property seized for civil forfeiture purposes is essentially a civil action to recover personal property. *Id.* The Federal Rules of Criminal Procedure do not apply for the simple reason that there is, has been, and will be no criminal case pending against the property. *See id.* (citing *Goodman v. United States,* 369 F.2d 166, 168 (9th Cir.1966)). Moreover, Rule 54(b)(5) states, "These rules are not applicable to ... civil forfeiture of property for violation of a statute of the United States." Fed.R.Crim.P. 54(b)(5). The plain meaning of this language is that the rules only apply to criminal forfeiture actions, and not to civil forfeitures. *See also* Fed.R.Crim.P. 54 advisory committee's note to 1972 Amendment ("In subdivision (b)(5) the word "civil" is added before the word "forfeiture" to make clear that the rules *do* apply to criminal forfeitures. This is clearly the intention of Congress." (Emphasis in original)).

Although Rule 41(e) is an inappropriate mechanism for seeking return of property seized for civil forfeiture purposes, the courts have been willing to entertain such motions pursuant to their general equity jurisdiction. *See Brantz,* 724 F.Supp. at 772 (citing, *inter alia, United States v. Martinson,* 809 F.2d 1364, 1366–68 (9th Cir.1987) (jurisdiction exists to grant equitable relief notwithstanding the fact that the claimant files under Rule 41(e); *Hunsucker v. Phinney,* 497 F.2d 29, 34 (5th Cir.1974), *cert. denied,* 420 U.S. 927, 95 S.Ct. 1124, 43 L.Ed.2d 397 (1975) (motions for return of seized property are governed by equitable principles, whether viewed as based on Rule 41(e) or on the general equity jurisdiction of the federal courts). The courts will fashion such an equitable remedy because there is no other means of securing justice for aggrieved claimants prior to the government's filing of a civil forfeiture complaint. *See Brantz,* 724 F.Supp. at 772.

Where the government has already filed a forfeiture complaint, as in this case, however, the court need not entertain a motion for return of property under its general equity jurisdiction. In *United States v. $83,310.78,* the Ninth Circuit held that it was not error for a district court to refrain from treating a Rule 41(e) motion as a civil equitable proceeding where a forfeiture complaint had been filed, because the claimant had adequate alternative remedies. *United States v. $83,310.78,* 851 F.2d at 1235. The court stated, "when a forfeiture proceeding is pending, there is no need to fashion an equitable remedy to secure justice for the claimant." *Id.*

The Ninth Circuit's ruling in the *$83,310.78* case makes sense. Prior to the filing of a civil forfeiture action, a motion for return of property under the court's general equity jurisdiction provides the only mechanism for a claimant to assert his rights. After the government has filed its forfeiture complaint, the claimant has a forum and there is no need to fashion a remedy to secure justice for him. In addition, it would invade the province of a fellow judge to rule on a motion for return of property where the underlying forfeiture action is proceeding in another court. Accordingly, this court will refrain from ruling on the instant motion.

IT IS SO ORDERED.