**In the Matter of SEARCH WARRANT FOR K–SPORTS IMPORTS, INC.**

**No. CV 95–5340–CBM(RMCx).**

United States District Court, C.D. California.

Sept. 19, 1995.

John J. McDermott, O'Connor & Hannan, Washington, D.C., and William Lew Tan, Tan & Sakiyama, Los Angeles, CA, for movant.

Margo Thole, Assistant United States Attorney, Los Angeles, CA, for the U.S.

## MEMORANDUM DECISION AND ORDER RE MOTION FOR SUPPRESSION AND RETURN OF PROPERTY

CHAPMAN, United States Magistrate Judge.

On August 10, 1995, K–Sports Imports, Inc. (hereafter "K–Sports") filed a Motion for Suppression and Return of Property seized by the United States Customs Service, pursuant to Federal Rules of Criminal Procedure 41(e). On August 29, 1995, the United States of America (hereafter "Government") filed its Opposition to K–Sports' motion. Immediately prior to the scheduled hearing, Government filed its Supplemental Opposition. Oral argument was held on September 13, 1995. On September 14, 1995, after the oral argument, K–Sports filed its Supplemental Memorandum.

## BACKGROUND

On July 21, 1994, Lee E. Dolan (hereafter "Dolan"), a special agent for the Customs Service, submitted an affidavit in support of an application for a search warrant of K–Sports' premises, located at 2755 Thompson Creek Road, Pomona, California (hereafter "premises"). K–Sports is a firearms importer licensed by the Bureau of Alcohol, Tobacco & Firearms ("BATF"). In his affidavit, Dolan averred that K–Sports is believed to have violated 18 U.S.C. § 545 (smuggling) and 26 U.S.C. § 5681 (receiving/possessing a firearm in violation of Section 5844 (machine guns and machine gun parts)) regarding the importation of a shipment from China of 1,000 AKM rifle models with cut-away portions and parts (hereafter "purported machine guns"), which were delivered to K–Sports' premises on July 21, 1994, by Customs Service agents in a "controlled" delivery.

Based on Dolan's affidavit, a Magistrate Judge issued a search warrant permitting the seizure of "the fruits, instrumentalities and evidence of violations of Title 18, United States Code, Section 545 (Smuggling) and Title 26, United States Code, Section 5861(k) Receiving or Possessing a firearm that has been imported or brought into the United States in violation of (Section 5844) [sic], **including but not limited to:** machineguns [sic] and machinegun [sic] parts, documents and records (including invoices, ledgers, and contracts) relative to the import and export of machineguns [sic] and machinegun [sic] parts, **all** computer records and data stored, controlled, contained, or programmed into or generated from any and all computers maintained, owned, or leased by K–Sports." (emphasis added.)

On July 21, 1994, Customs Service agents executed the search warrant and seized the purported machine guns, other weapons, documents, and computer records/data. On July 27, 1994, Government gave written notice to K–Sports that the purported machine guns had been seized on July 21, 1994, and were subject to forfeiture, and further notified K–Sports of its options with regard to the forfeiture. On August 24, 1994, K–Sports requested that Government grant it "an enlargement of time to respond to the seizure notice until 30 days after the conclusion of the criminal investigation." K–Sports also completed an Election of Proceedings form, thereby requesting "deferral of immediate [institution of] forfeiture proceedings. . . ."

K–Sports' motion under Rule 41(e) for suppression and return of the seized property is based on four grounds: (1) that the search warrant is not supported by probable cause; (2) that the search warrant lacks specificity; (3) that the search warrant was executed in a flagrant and unreasonable manner; and (4) that Government's agents could not in good faith have relied on the search warrant because it is defective on its face. Government contends that the commencement of the forfeiture proceeding on July 27, 1994, deprives the Court of jurisdiction over the purported machine guns, and K–Sports' motion should be dismissed. In its response, Government disclosed, for the first time, that a criminal prosecution will not result from the seizure of the purported machine guns.

## DISCUSSION

Rule 41(e) provides, in pertinent part, that, "[a] person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property."

### The Purported Machine Guns:

■ "[T]he Ninth Circuit has ruled that a Rule 41(e) motion does not survive the filing of a civil forfeiture complaint." *Pirelli v. United States,* 729 F.Supp. 715, 716–17 (S.D.Cal.1990), *citing United States v. U.S. Currency, $83,310.78,* 851 F.2d 1231, 1233–34 (9th Cir.1988). "Rule 54(b)(5) expressly provides that the Federal Rules of Criminal Procedure 'are not applicable to . . . civil forfeiture of property for violation of a statute of the United States.' . . . Rule 54(b)(5) compels the dismissal of Rule 41(e) motion in a civil forfeiture proceeding where there are no criminal proceedings pending and the property was not seized for use in a criminal prosecution." *$83,310.78,* 851 F.2d at 1233. "[W]hen a civil forfeiture proceeding is pending, there is no need to fashion an equitable remedy [under Rule 41(e) ] to secure justice for the claimant." *Id.* at 1235. *Accord United States v. Clagett,* 3 F.3d 1355 (9th Cir. 1993); *United States v. Elias,* 921 F.2d 870 (9th Cir.1990).

The rationale behind *$83,310.78* and its progeny is that the forfeiture proceeding provides the claimant with an adequate remedy at law, and an opportunity to be heard, thereby precluding exercise of the district court's equitable powers under Rule 41(e). *United States v. Clagett,* 3 F.3d at 1356. Another rationale is that "[i]f properly commenced, the [forfeiture] proceeding divest[s] the Court of in rem jurisdiction over the res because it effectively remove[s] the res from the Court." *In re Mayo,* 810 F.Supp. 121, 122 (D.Vt.1992). Because the forfeiture proceeding regarding the purported machine guns was commenced on July 27, 1994, and still continues, this Court has no jurisdiction to hear K–Sports' motion under Rule 41(e), as it pertains to the purported machine guns.

### Other Seized Items:

■ The preceding legal analysis, however, is not applicable to the other items seized, which are not the subject of the forfeiture proceeding. The other items seized are weapons (other than the purported machine guns); documents and other records, both related and unrelated to machine guns and machine gun parts; and all computer records and data. The phrase "including but not limited to" in the search warrant converts the search warrant into a general warrant, allowing the seizure of any, and all, weapons, documents, and computer records/data on the premises; similarly, the word "all" allows the seizure of all computer records/data,

without regard to the date of origin or subject matter. *See U.S. v. Kow,* 58 F.3d 423, 426 (9th Cir.1995).

■ In some ways, the search warrant in the instant case is similar to the search warrant the Ninth Circuit recently found to be overly broad in *Kow.* "The warrant authorized the seizure of virtually every document and computer file.... To the extent that it provided any guidance to the officers executing the warrant, the warrant apparently sought to describe every document on the premises and direct that everything be seized.... By failing to describe with any particularity the items to be seized, the warrant is indistinguishable from the general warrants repeatedly held by this Court to be unconstitutional." *Kow,* 58 F.3d at 426. "A generalized seizure of business documents may be justified if the government establishes probable cause to believe that the entire business is merely a scheme to defraud or that all of the business's records are likely to evidence criminal activity." *Kow,* 58 F.3d at 427. In the instant case, however, no averment is made by Dolan that K–Sports is "merely a scheme to defraud or that all of the business's records are likely to evidence criminal activity." Thus, the search warrant is overbroad.

■ The lack of specificity in the search warrant is particularly egregious because K–Sports is a firearms importer, and one would expect firearms, and documents and computer records/data pertaining to firearms (other than the purported machine guns) to be on K–Sports' premises.[1] Without determining whether there is probable cause for issuance of the search warrant, a matter K–Sports may raise in the forfeiture proceeding, it is fair to say nothing in Dolan's affidavit supports the seizure of any firearm, document, or computer record/data unrelated to the purported machine guns. Thus, firearms, documents, and computer records/data unrelated to the purported machine guns have been unlawfully seized and should be returned to K–Sports.

Lastly, K–Sports asserts that all documents and computer records/data seized should be returned without review and copying by Government because the search warrant was overbroad and facially defective, and the Customs Service agents could not have relied upon it in good faith. In support of its position, K–Sports cites *United States v. Leon,* 468 U.S. 897, 926, 104 S.Ct. 3405, 3422, 82 L.Ed.2d 677 (1984). K–Sports' reliance on *Leon* is misplaced. *Leon* arose in the context of a criminal prosecution, and is not necessarily controlling in a Rule 41(e) motion. As the Ninth Circuit has held: "Rule 41(e) does not set forth the precise test for determining whether the illegally seized documents should be returned to a movant. Instead, the Advisory Committee Notes to the 1989 Amendment of Rule 41(e) provide that 'reasonableness under all of the circumstances must be the test when a person seeks the return of property.' The United States' retention of the property generally is reasonable if it has a need for the property in an investigation or prosecution." *Ramsden v. United States,* 2 F.3d 322, 326 (9th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 1624, 128 L.Ed.2d 349 (1994). In this case, the forfeiture proceeding regarding the purported machine guns is still pending, and Government has a legitimate law enforcement interest in that proceeding.

■ The remaining issue is whether Government's conduct was "sufficiently reprehensible" to warrant the sanction of precluding Government from reviewing and copying the seized documents and computer records/data. *Ramsden,* 2 F.3d at 326. Government's conduct here is not as "reprehensible" as the Government's conduct in *Ramsden,* where the Government conducted a warrantless search. In our case, Government sought and obtained a search warrant. "The spirit of Rule 41(e) is one of compromise.... [A]s amended, Rule 41(e) avoids an all or

1. Jay's Pacific Enterprises, another firearms importer, shares the premises with K–Sports and has certain owners and officers in common with K–Sports. K–Sports claims that some of the seized documents or computer records/data belong to Jay's Pacific Enterprises. However, K–Sports has not proved that it has standing in a Rule 41(e) motion to seek the return of documents belonging to Jay's Pacific Enterprise, a legal entity and licensee separate from it. *See United States v. Real Property,* 976 F.2d 515, 520 (9th Cir.1992).

598

nothing approach whereby the government must either return records and make no copies or keep the originals notwithstanding the hardship to their owner. The amended rule recognizes that reasonable accommodations might protect both the law enforcement interests of the United States and the property rights of property owners and holders. In many instances documents and records that are relevant to ongoing or contemplated investigations and prosecutions may be returned to their owner as long as the government preserves a copy for future use." *Ramsden,* 2 F.3d at 326–327.

Government, in this case, has a legitimate interest in documents and computer records/discs related to the purported machine guns because of the pending forfeiture proceeding; but does not have a legitimate interest regarding documents and computer records/discs unrelated to the purported machine guns. Government's interest may be accommodated by returning all original documents and computer records/discs to K–Sports after Government has had an opportunity to review them and to photocopy or otherwise duplicate those items relating to the purported machine guns. This resolution achieves the "reasonable accommodation" favored by the Ninth Circuit.

**ORDER**

K–Sports' Motion for Suppression and Return of Property, pursuant to Federal Rules of Criminal Procedure 41(e), is GRANTED IN PART AND DENIED IN PART, as follows:

1. The Court has no jurisdiction to hear the motion as it relates to the 1,000 purported machine guns, and the motion is dismissed as to that property.

2. The Government is ORDERED to return all firearms (other than the 1,000 purported machine guns) to K–Sports, within fourteen (14) days of this Order.

3. The Government is ORDERED to return all documents and computer records/data to K–Sports, within fourteen (14) days of this Order; provided, however, the Government may first review all documents and computer records/data and may photo-

copy or otherwise duplicate those documents and computer records/data relating to the purported machine guns and machine gun parts.