In re Application of Denise MAYO for Return Property: One 1991 Isuzu Amigo, Vin JAABL01L0M9801433.

No. 2:92–MC–86.

United States District Court, D. Vermont.

Dec. 21, 1992.

---

Richard R. Goldsborough, Jarvis & Kaplan, Burlington, VT, for Denise Mayo.

Thomas D. Anderson, Asst. U.S. Atty., D. Vt., Burlington, VT, for U.S. (Drug Enforcement Agency).

OPINION AND ORDER

PARKER, Chief Judge.

On July 2, 1992, Denise Mayo ("Claimant") was arrested for distribution of cocaine. At the time of her arrest, her 1991 Isuzu Amigo ("the property") was seized by the Drug Enforcement Administration

("DEA") for purposes of civil forfeiture pursuant to 21 U.S.C. § 881(a)(4). The basis for the forfeiture relates to the claimed use of the property by the Claimant to deliver cocaine. On September 16, 1992, seventy-six days after the seizure, a Notice of Seizure first appeared in the newspaper publication USA Today. A written Notice of Seizure from DEA was received by Claimant on September 17, 1992, seventy-seven days after the seizure. On September 30, 1992, two weeks after the first date of the publication of the Notice of Seizure, Claimant instituted this action for return of the property pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure.[1]

Claimant contends that the Government failed to submit its written notice of seizure "at the earliest practicable opportunity after determining ownership," as required under section 881(b) of title 21, United States Code,[2] and that therefore the property should be permanently returned to her. Claimant requests that this Court invoke its equitable jurisdiction to remedy a procedurally deficient administrative forfeiture action—in effect requesting this Court to by-pass the statutory procedure for judicially contesting a forfeiture.[3] In response, the Government does not address the merits of Claimant's contentions. Instead, the Government submits that this Court is without jurisdiction to decide the Rule 41(e) motion because Claimant has adequate legal remedies in the administrative proceeding by which to seek return of the property.

*Discussion*

■ The jurisdictional question raised in this matter requires this Court to determine whether DEA properly commenced its administrative forfeiture of Claimant's vehicle. If properly commenced, the administrative proceeding divested this Court of *in rem* jurisdiction over the res because it effectively removed the res from the Court. *United States v. One 1987 Jeep Wrangler*, 972 F.2d 472, 479 (2nd Cir.1992); *Onwubiko v. United States*, 969 F.2d 1392, 1398 (2nd Cir.1992). Under Second Circuit precedent, upon proper commencement of the administrative process, a district court "loses subject matter jurisdiction to adjudicate the matter in a peripheral setting such as a Rule 41(e) motion." *Jeep Wrangler*, 972 F.2d at 479. In limiting the utility of a Rule 41(e) motion in the forfeiture setting, the Second Circuit stated that "to hold otherwise would be to ignore the jurisprudential particularities of actions *in rem* … and to thwart the DEA's grant of limited administrative authority." *Id.*

Under an exception to this general rule, a district court retains jurisdiction if the forfeiture is procedurally deficient, *i.e.*, removal of the res is thwarted. *Onwubiko*, 969 F.2d at 1398. Claimant's argument on the merits of the case at bar is in essence a claim regarding procedural deficiency. The question as to whether or not the process was deficient, or improperly com-

---

1. Rule 41(e) provides:
    (e) **Motion for Return of Property.** A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on *any issue of fact necessary to the decision of* the motion. If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings. If a motion for return of property is make or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

Fed.R.Crim.P. 41(e).

2. Claimant's Memorandum of Law in support of her Rule 41(e) motion cites section 881(b) as containing the language "at the earliest practicable opportunity after determining ownership." (Paper 2 at 2). However, section 881(b) requires that forfeiture proceedings be "instituted promptly." 21 U.S.C. § 881(b). Presumably, Claimant meant to direct the Court's attention to section 888(b), which uses the language "earliest practicable opportunity," rather than section 881(b). *Compare* 21 U.S.C. § 888(b) and 21 U.S.C. § 881(b).

3. As a prerequisite, the statutory scheme requires the filing of a claim and cost bond by a claimant within twenty days of publication of the notice of seizure. *19 U.S.C. § 1608.*

menced, concerns the delay of seventy-six days between the initial seizure on July 2, 1992, and September 16, 1992, the date that DEA first published its Notice of Seizure. A brief review of the statutory scheme for forfeitures relating to conveyances reveals that indeed, a delay by DEA of seventy-six days before commencing an administrative forfeiture constitutes a procedurally deficient forfeiture process.

1. Civil Forfeiture of Conveyances Under 21 U.S.C. §§ 881 and 888

■■■ Under civil forfeiture laws, the Government may subject a conveyance to forfeiture if the conveyance was used, or intended for use, to facilitate the transportation of illegal narcotics. 21 U.S.C. § 881(a). As a general rule, the Government must follow the procedures to effectuate forfeiture provided for under the customs laws. 21 U.S.C. § 881(d). Both administrative and judicial procedures are available.[4] *See* 21 C.F.R. §§ 1316.71–1316.81 (April 21, 1992).

■■ Under the customs laws, a governmental agency which has seized a conveyance for forfeiture must publish notice of seizure and its intent to forfeit the property for at least three successive weeks. 19 U.S.C. § 1607(a). This publication commences the administrative forfeiture process. *Onwubiko*, 969 F.2d at 1398. Additionally, written notice of the seizure and information regarding the applicable procedures must be sent to those who appear to have an interest in the property. 19 U.S.C.

§ 1607(a). The customs laws do not, however, provide for a specific time period during which the Government must execute either its written or published notice. Nonetheless, there are specific references to a general intent that forfeiture actions under the drug laws be pursued expeditiously. For example, regarding seizures made without process pursuant to sections 881(b)(3)–(4), *i.e.*, upon a finding by the Attorney General of probable cause to believe that the property is dangerous to health or safety, or that it is subject to civil forfeiture, forfeiture proceedings must be instituted "promptly." 21 U.S.C. § 881(b).[5]

Expeditious action is also mandated by the 1988 amendments to the Drug Abuse Prevention and Control Act. *See* The Anti-Drug Abuse Act of 1988, Pub.L. No. 102 Stat. 4181, 4327 (initially codified as amended 21 U.S.C. § 881–1 (1988), current version at 21 U.S.C. § 888). In those amendments, Congress enacted a statute for expedited action with respect to seized conveyances for drug-related offenses. 21 U.S.C. § 888; *Dwyer v. United States*, 716 F.Supp. 1337, 1339 (S.D.Cal.1989) (Section 888 was intended to address the problems vehicle owners routinely faced in being deprived of vehicles for long periods of time without recourse to courts). The statute contains a specific notice provision which provides:

(b) Written notice of procedures

At the time of seizure, the officer making the seizure shall furnish to any person in possession of the conveyance a written notice specifying the procedures

---

**4.** At the very latest, administrative forfeiture commences upon the Government's publication of notice of seizure. *Onwubiko v. United States,* 969 F.2d 1392, 1398 (2nd Cir.1992); *Floyd v. United States,* 860 F.2d 999, 1008 (10th Cir. 1988). A claimant thereafter has the prerogative to choose the forum of adjudication. The procedure may be judicially contested by filing a claim and cost bond with the DEA within twenty days of the first date of publication. 21 C.F.R. § 1316.78. Upon receipt of the claim and bond, the custodian or DEA Asset Forfeiture Section transmits a description of the property and a complete statement of facts and circumstances surrounding the seizure to the United States Attorney for purposes of instituting condemnation proceedings. *Id.* If a claimant does not file the requisite claim and cost bond within the twenty day period, administrative

forfeiture occurs by default. 21 C.F.R. § 1316.-77. A claimant may then petition the administrative agency for remission and/or mitigation. 28 C.F.R. §§ 9.1–9.7.

**5.** It is unclear from the filings in this matter whether the seizure of the Claimant's car at the time of her arrest was made without process pursuant to section 881(b)(1) or section 881(b)(4), or whether, in fact, process was issued for the seizure. In light of the Second Circuit's recent decision in *United States v. Lasanta,* 978 F.2d 1300 (2nd Cir.1992), I note that the question of the validity of the seizure and the issue as to whether process was required in this case is not an issue presently before this Court.

under this section. *At the earliest practicable opportunity after determining ownership* of the seized conveyance, the head of the department or agency that seizes the conveyance shall furnish a written notice to the owner and other interested parties (including lienholders) of the legal and factual basis of the seizure.

21 U.S.C. § 888(b) (emphasis added).[6] At least one court has interpreted this written notice provision as requiring the governmental agency to commence forfeiture proceedings within one week after determining ownership. *See Dwyer*, 716 F.Supp. at 1339.

It is not entirely clear from the statutory language whether section 888(b) was intended to create an additional notice provision under the forfeiture laws regarding conveyances, or whether it served to compel the Government in cases involving conveyances to expedite the notice requirements and forfeiture process outlined in title 19. Ambiguity exists because the commencement of administrative forfeiture is triggered by *publication* of notice of seizure. *Onwubiko*, 969 F.2d at 1398. Yet section 888(b) does not specifically address publication, only written notice to the owner. 18 U.S.C. § 888(b).

■ One court has found the statutory language problematic. *See Brantz v. United States*, 724 F.Supp. 767, 770 (S.D.Cal.1989). In *Brantz*, the district court noted that the notice contemplated by 19 U.S.C. § 1607 and the notice contemplated by 21 U.S.C. § 881–1(b) (now codified at 21 U.S.C. § 888(b)) may not necessarily be the same. 724 F.Supp. at 770. Under *Brantz*, the notice contemplated by 21 U.S.C. § 888(b) merely informs the owner that the agency has the vehicle and why it has the vehicle, but does not set in motion the administrative forfeiture procedure. *Id.* However, in construing the meaning of a single statutory provision, it is imperative that a court view the specific provision in light of the whole statutory framework. *Comm'r v. Engle*, 464 U.S. 206, 217, 104 S.Ct. 597, 604, 78 L.Ed.2d 420 (1984) (A court's duty is "to find that interpretation which can most fairly be said to be imbedded in the statute, in the sense of being most harmonious with its scheme and with the general purposes that Congress manifested" (citations omitted)). Section 888, as a whole, is intended to expedite, not further encumber, procedures for forfeiture. Construing section 888(b) as merely an additional notice provision is inconsistent with this purpose as it allows the government to merely provide notice of seizure to the owner, but then delay the commencement of forfeiture proceedings by not publishing notice until a later date.

As the Court in *Dwyer* noted, through its 1988 amendments, Congress expressed a clear intent that "the government move expeditiously in bringing forfeiture proceedings." *Dwyer*, 716 F.Supp. at 1339. In *Dwyer*, the Court held that sections 888(b) and 888(c) should be read together, and that consistent with such reading, at the very latest, under section 888(b), the Government was required to send seizure notice within sixty days of the seizure.[7]

---

**6.** In addition, section 888 gave a claimant the right to petition for expedited decisions with respect to a seized conveyance. 21 U.S.C. § 888(a).

**7.** The *Dwyer* court reasoned that a delay of more than sixty days between seizure and notice of seizure defeats the requirements of section 888(c) which compels the Government to file a forfeiture complaint within sixty days after a claim and cost bond are filed by an owner or risk a return of the property. The claim and cost bond signal to the DEA that the owner demands a judicial proceeding rather than continue with administrative forfeiture. The sixty day requirement forces the government to act expeditiously in filing the judicial forfeiture ac-

tion. But a claimant cannot file a claim and cost bond until he receives seizure notice because the notice sets forth the amount of the bond which must be posted and the case number in the administrative agency's records. The notice commences the forfeiture process and the claimant then has twenty days to file a claim and cost bond. Thus, by delaying publication and written notice to the claimant, the Government effectively delays both administrative and judicial forfeiture proceedings. "To prevent the government from doing indirectly that which it cannot do directly, it would seem that, at the minimum, the government must be required to send the seizure notice within 60 days of the seizure." *Dwyer*, 716 F.Supp. at 1340.

More precisely, Congress could not have contemplated a delay of more than one week when it enacted section 888(b) using the language "at the earliest practicable opportunity after determining ownership of the seized conveyance." *Id.* To hold otherwise would virtually emasculate the statutory amendments for expediting forfeitures of conveyances.

■ With this statutory scheme in mind, then, I hold that the Government's delay of seventy-six days before publishing its Notice of Seizure and its intent to forfeit constitutes a procedural deficiency in the administrative forfeiture process such that this Court is not divested of its *in rem* jurisdiction over the res in this case. Having jurisdiction, I now reach the question of whether an equitable remedy is appropriate in this case.

■ The Supreme Court has stated that when the commencement of forfeiture proceedings is delayed, a claimant whose property has been seized by the Government may file an equitable action seeking an order to return the seized property. *United States v. $8,850*, 461 U.S. 555, 569, 103 S.Ct. 2005, 2014, 76 L.Ed.2d 143 (1982). That is precisely what Claimant in this case has done. She had no adequate legal remedy in a procedurally deficient administrative process. On these facts, the requested relief appears entirely appropriate. In the absence of a properly commenced forfeiture proceeding, this Court now orders the return of the seized property.[8]

## CONCLUSION

In light of the above considerations, Claimant's Motion for Return of Property is GRANTED.

---

**8.** I note that Claimant here has styled her request for equitable relief in the form of a Rule 41(e) motion which is an inappropriate vehicle for seeking return of the property in a civil forfeiture setting. Fed.R.Crim.P. 54(b)(5); *Onwubiko*, 969 F.2d at 1397 (Rule 41(e) provides a method for return of seized property in criminal, not civil actions.) Despite Claimant's reference to Rule 41(e), she also pled the general equity jurisdiction of a federal court and that is the jurisdiction under which we are proceeding.