James HILL, Jr.

v.

UNITED STATES of America.

Misc. No. 93–0070.

United States District Court,
E.D. Pennsylvania.

July 1, 1993.

---

James Hill, Jr., pro se.

Michael J. Rotko, U.S. Atty., Sonia C. Jaipaul, Chief Financial Litigation Div., James H. Swain, Asst. U.S. Atty., Philadelphia, PA, for respondent.

## MEMORANDUM

NEWCOMER, District Judge.

Before the court is Plaintiff, James Hill's, Motion for Return of Seized Property. For the following reasons, the court will dismiss plaintiff's motion.

### I. *Factual Background:*

On, or around, March 14, 1989, $8,709.00 and seven firearms were seized from James Hill, Jr.'s residence at 280 S. 60th Street in Philadelphia. On June 21, 1989, pursuant to 21 C.F.R. § 1316.75 and 19 U.S.C. § 1607, the Drug Enforcement Agency ("DEA") caused notice of the seizure to be published in the USA Today, a publication of local and national circulation, for three successive weeks. Additionally, on July 3, 1989, in an effort to abide with the guidelines of 21 U.S.C. § 888(b), a notice of seizure letter was mailed to the plaintiff at his last known address. The letter was returned marked "unclaimed." On November 5, 1989 a second notice of seizure letter was mailed to the plaintiff at Graterford SCI, where the plaintiff was incarcerated. The letter stated that the plaintiff had to respond within twenty days in order to contest the forfeiture of the seized property. The defendant received a receipt signed by a prison official ensuring that the letter had been received at the facility. The plaintiff claims that he did not sign the receipt, never received the notice of seizure letter, and that the government's subsequent forfeiture of the seized property

was unlawful. The court now considers the plaintiff's Motion for Return of Seized Property, pursuant to Fed.R.Crim.P. 41(e).

## II. *Standard For Establishing Jurisdiction Under Rule 41(e):*

■■■■ A motion for return of property seized for forfeiture purposes is essentially a civil action to recover personal property. *Brantz v. United States,* 724 F.Supp. 767, 772 (S.D.Cal.1989). Rule 41(e) is not the appropriate procedural mechanism for return of property subject to forfeiture because such proceeding is not part of a criminal case. *Id.* The Federal Rules of Criminal Procedure are not applicable to civil forfeiture of property for violation of a statute of the United States. Fed.R.Crim.P. 54(b)(5). The appropriate administrative procedures available to parties requesting the return of seized property are outlined in 21 U.S.C. § 888. However, when the government has failed to comply with the procedures set forth in the statutes governing civil forfeitures, courts have been willing to entertain motions for return of property under their equity jurisdiction even though the motion was incorrectly brought under Rule 41(e). *Id.* at 772–773. If, however, a court exercising jurisdiction determines that the proper administrative forfeiture proceedings were taken by the government, were available to the defendant, or have already been completed, a Rule 41(e) motion should be dismissed. *In the Matter of the Application of George Blakey for the Return of Seized Property,* 1989 WL 104808 (Sept. 8, 1989, E.D.Pa.).

## III. *Discussion:*

The procedure the government must follow when initiating forfeiture proceedings for seized property are specified in 21 U.S.C. § 888 and 19 U.S.C. §§ 1607–1608. The first step, notification of the seizure, has two prongs. The first step is to issue a notice of the seizure letter to the property owner "at the earliest practicable opportunity." 21 U.S.C. § 888(b). The second step is to publish notice of the seizure in a local and national publication for three successive weeks. 19 U.S.C. § 1607. The property owner then has twenty days from the date of the first publication of the notice in which to file a claim in order to contest the forfeiture. 19 U.S.C. § 1608.

There is no dispute that the government fulfilled the second requirement by publishing the notice of seizure in the USA Today for three successive weeks. Two disputes arise with respect to the first requirement, that the government issue a letter of seizure to the property owner "at the earliest practicable opportunity." The first issue is whether the government initiated notification proceedings within the time standards called for in section 888(b). The second issue is whether the plaintiff ever received legal notification that his property had been seized.

Some jurisdictions, those cited by the plaintiff, have strictly construed the words "at the earliest practicable opportunity", and have imposed a strict time limit on the government for issuing letters of notification of seizure. *Dwyer v. United States,* 716 F.Supp. 1337 (S.D.Cal.1989); *Brantz,* 724 F.Supp. 767 (S.D.Cal.1989). In *Dwyer,* the court interpreted section 888(b) to impose a sixty day time period in which the government must issue a notification letter. 716 F.Supp. at 1340. The court justified this interpretation by noting that a sixty day limit is imposed upon the government in section 888(c) with respect to filing a complaint of forfeiture. Applying this standard, the court ruled that notice to a property owner sixty-two days after seizure was untimely, ordered the property returned, and barred the government from instituting future forfeiture proceedings. *Id.* at 1341. Similarly, in *Brantz,* the court found that a twenty-one day time lapse between seizure and notification was a violation of the "earliest practicable opportunity" wording of section 888(b). 724 F.Supp. at 769–771.

Within this jurisdiction, however, courts have not applied a strict interpretation of the "earliest practicable opportunity" standard created by section 888(b). *Tunstall v. United States,* 1991 WL 46329 (March 28, 1991, E.D.Pa.). In *Tunstall,* the plaintiff's property was seized on October 26, 1987 and the letter of notification was mailed on February 29, 1988. *Id.* The plaintiff argued that the four month delay should place upon the gov-

ernment the additional burden of conducting an independent search to locate the plaintiff in order to ensure proper delivery of the notification letter. *Id.* at *2. The court found no merit in plaintiff's argument and imposed upon the government no higher burden of responsibility for delivery of notification that occurs four months after seizure than notification that occurs immediately after seizure. *Id.*

▮ In the present case, the government sent a notification letter with respect to the seized firearms on May 9, 1989, less than two months after seizure. A notification letter with respect to the seized currency was sent on July 3, 1989, less than four months after seizure. Consequently, both notices were timely according to the guidelines previously established within this jurisdiction, and no greater burden of responsibility will be placed upon the government with respect to the method of the delivery of the notification letter.

Therefore, the threshold issue in the present case is not the timeliness of the notification but whether the government's attempts to notify the plaintiff of the seizure constituted legal notification. Courts within this jurisdiction have stated that as long as the government took steps "reasonably calculated to provide notice, the notice requirement will have been satisfied." *Id.* In *Tunstall,* the court found that three attempts to deliver a certified letter of notice and publication in the USA Today for three weeks constituted legal notice. *Id.* at *3. An example of inadequate notice can also be found within this jurisdiction. *Torres v. United States,* 1988 WL 113366 (Oct. 25, 1989, E.D.Pa.). In *Torres,* the court found that legal notice had not been established when the letter of notification had the plaintiff's name misspelled on the envelope the government offered no proof that notice had been published in an appropriate publication, and a question of fact existed as to whether the government had correctly identified the proper owner of the seized property. *Id.*

▮ In the present case, the government has clearly taken steps reasonably calculated to provide notice to plaintiff. First, the government has established that notification was published in the USA Today. Second, the government sent a letter of notice to the plaintiff's last known address less than four months after the seizure. Third, after the first letter was returned unclaimed, the government sent a second certified letter of notification to Graterford SCI where the plaintiff was incarcerated. The government received a signed receipt that the letter had been received and reasonably believed that the plaintiff had chosen not to contest the forfeiture proceedings. Applying the reasonableness test outlined in *Tunstall,* the government's thorough attempts to notify the plaintiff constituted legal notice.

▮ Title 19 U.S.C. § 1608 stipulates that a party has twenty days from the date a notice of seizure is first published in a local and national publication to contest the forfeiture. This time frame, however, supposes that the property owner has already received the notification letter and is aware that his property has been seized. In the case at bar, the government realized that the plaintiff had not received a notification letter prior to the notice being published in the newspaper and, therefore, extended the time period in which the plaintiff could respond. Rather than require the plaintiff to respond within twenty days of initial publication of the notice in the newspaper, the government allowed the plaintiff twenty days from the time he received the notification of seizure letter. Consequently, the plaintiff's legal remedy was to challenge the forfeiture through the administrative proceeding, rather than through a Rule 41(e) motion, and the appropriate steps were outlined in the letter of notification sent to the plaintiff by the government. By failing to act in a timely manner, the plaintiff effectively waived his right to challenge the forfeiture of his property. As a result, the appropriate administrative forfeiture proceedings commenced with the government's notification letter to the plaintiff and terminated when the plaintiff failed to challenge the forfeiture. Because the plaintiff failed to pursue the proper legal remedy, contesting the forfeiture through proper administrative channels, the Rule 41(e) motion now before the court will be dismissed.

Even if this court accepts the plaintiff's contention that he never received the notification letter sent to the prison, the plaintiff did receive unofficial notice from his wife that his property had been seized. The record indicates that on March 20, 1989, just six days after the seizure, the plaintiff received a letter from his wife which informed him that the government had seized the currency and firearms. Therefore, regardless of the legality of the government's letter of notification, it appears that the plaintiff abandoned his property because he waited four years to initiate legal action. Courts have held that two years is a sufficient amount of time for a person who has not received official notice of seizure, but, nevertheless, knows his property has been seized, to make an effort to retrieve his property. *Tunstall,* 1991 WL 46329 at * 3. It may be argued that the court should grant Hill, who is incarcerated, more leniency than was granted the plaintiff in *Tunstall,* who was not incarcerated. Hill, however, through the filing of this action, has demonstrated that the legal remedies for the return of his property were available to him even though he was incarcerated.

In effect, regardless of the legality of the notification letter, the plaintiff is estopped from bringing this action due to the four year lapse between the time he first learned of the seizure and the time he commenced action to regain his property. *Id.* (where the plaintiff fails to take action within two years of constructive notice of seizure, a motion pursuant to Rule 41(e) will be dismissed).

Consequently, because the government's letter of notice was timely and legal and because the plaintiff waited too long to bring this action, the plaintiff's Rule 41(e) Motion For Return of Seized Property will be dismissed.

An appropriate Order follows.

### ORDER

AND NOW, this 1st day of July, 1993, upon consideration of Plaintiff, James Hill, Jr.'s, Motion for Return to Seized Property, and defendant's response thereto, and consistent with the foregoing Memorandum, it is hereby ORDERED that plaintiff's motion is DENIED and this case is DISMISSED.

The clerk's office shall mark this action closed.

AND IT IS SO ORDERED.