**UNITED STATES of America, Plaintiff,**

v.

**ONE 1990 GMC JIMMY, VIN 1GKEV18K4LF504365, Defendant.**

**No. 95–71940.**

United States District Court, E.D. Michigan, Southern Division.

Aug. 6, 1997.

Saul A. Green, U.S. Attorney, Bruce C. Judge, Asst. U.S. Attorney, Detroit, MI, for Plaintiff.

Christian R. Key, Federal Detention Center, Prisoner No: 19444-039, Milan, MI, pro se.

## MEMORANDUM OPINION AND ORDER

GILMORE, District Judge.

Before the Court are two motions which deal with an *in rem* civil forfeiture action brought by the United States against one 1990 GMC Jimmy truck. The first motion is Plaintiff United States' ("Plaintiff") Motion for Summary Judgment, filed on October 31, 1996. Claimant Christian Key ("Claimant") has not directly responded to this motion.[1] In this first motion, the issue is whether or not the vehicle is subject to civil forfeiture. The second motion is Claimant's Motion for Dismissal of Complaint for Forfeiture, filed March 13, 1997. In this second motion, the primary issue is what constitutes adequate notice for civil forfeiture proceedings. For the reasons that follow, the Court hereby denies Claimant's motion for dismissal and grants Plaintiff's motion for summary judgment.

## I.

### A. Christian Key's Criminal Conviction

In April of 1994, Claimant Christian Key purchased a 1990 GMC Jimmy ("vehicle"). In October of 1994, Key drove the vehicle to New York City. During his stay, Key had a hidden compartment installed in the vehicle. On November 10 and 11, Key returned to New York City with co-conspirator Harlan Gibbs and obtained eight kilograms of cocaine. This cocaine was placed in the vehicle's hidden compartment and transported to Detroit. On November 17, 1994, Federal Bureau of Investigation (FBI) agents arrested Key and seized seven[2] kilograms of cocaine from the vehicle's hidden compartment.[3]

Key was charged with various drug-related felonies, including possession with intent to distribute seven kilograms of cocaine (count five of the superseding indictment), in viola-

---

1. Claimant was between correctional facilities awaiting designation during this time. Upon his designation to Terra Haute, he received Plaintiff's motion and wrote to the Court requesting additional time to respond. The Court granted his request.

2. The discrepancy between eight and seven kilograms is echoed in the Plaintiff's Motion for Summary Judgment. The government provided no explanation for this discrepancy. *See* Pl.'s Mot. for Summ. J. at 2–3.

3. *See* Presentence Investigation Report (PSR), June 27, 1996, ¶¶ 12 and 13, *United States v. Christian Key*, Criminal Case No. 94–80016.

tion of 21 U.S.C. § 841(a)(1). This Court tried Key and two other co-defendants in January and February of 1996. A jury convicted Key of all charges on February 22, 1996.

## B. Civil Forfeiture Action

FBI agents seized the Defendant Vehicle on November 17, 1994, following execution of a search warrant and arrest warrants for Key and co-defendant Keith Riley. Shortly after, the FBI initiated an administrative forfeiture proceeding against the vehicle. About twenty-one days later, the United States sent three notices of forfeitures via registered mail. The government sent one notice to Wayne County Jail since this was Key's place of incarceration following entry of the Order of Pretrial Detention. This notice was returned to the FBI marked "not here." The government sent a second copy to 23925 Berg Road, Southfield, Michigan. This is the address Key listed on his Dealer Loan Application when he bought the vehicle in April of 1994. This notice was signed for on December 5, 1994 by one Monica Storel[4]. A third copy of the notice was sent to Key at 14234 Winthrop, Detroit, Michigan. This was the home address Key provided to the probation officer. This third notice was returned unclaimed.

After receiving the two returned notices, the government sent two more notices. On January 24, 1995, the government sent a notice to Key at Wayne County Jail. Key received this copy. Key was also served care of his attorney, Robert Kinney. On March 13, 1995, Key exercised his right to contest the administrative proceeding by filing a claim for the vehicle and a $1,017.00 cost bond. The forfeiture proceeding was then referred to the office of the United States Attorney.

The United States filed the instant civil forfeiture action against the vehicle alleging that it was forfeitable under 21 U.S.C. § 881(a)(4) because it had been used to transport, to conceal and to possess cocaine. The first motion before the Court is the

government's Motion for Summary Judgment in the forfeiture action. Key did not respond to this motion.

Key did file a motion for return of property[5] on April 21, 1996, wherein he argued that seizure of the vehicle and his subsequent prosecution violated the Double Jeopardy Clause. The Court denied Key's motion based on *United States v. Ursery*, —— U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). Then, on March 13, 1997, Claimant Key filed a Motion to Dismiss. The second motion before the Court is Key's Motion to Dismiss.

## II.

### A. Government's Burden for Civil Forfeiture

■ Chapter 13 of the Controlled Substances Act, Section 881 of Title 21, provides:

The following shall be subject to forfeiture to the United States and no property right shall exist in them:

(4) All conveyances, including ... vehicles, ... which are used, or are intended for use, to transport, or in any manner facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1) ...

21 U.S.C. § 881(a)(4).

Paragraph (1) describes what materials or substances are implicated by paragraph (4):

(1) All controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of this subchapter.

21 U.S.C. § 881(a)(1). Under 19 U.S.C. § 1615, which is incorporated into the Controlled Substances Act by 21 U.S.C. § 881(d), the United States is required to establish probable cause to believe that the vehicle was used to facilitate the underlying drug activity. *See United States v. One 1984 Cadillac*, 888 F.2d 1133, 1135 (6th Cir.1989). The Sixth Circuit has defined probable cause as "reasonable grounds for belief of guilt supported by less than prima facie proof but more than mere suspicion." *Id.*

---

4. Ms. Storel's relation to Claimant Key is unknown at this time.

5. This motion is filed under criminal number, 94–81106, *United States v. Key*.

Once the United States has met its burden of showing probable cause to institute the civil forfeiture action, the burden then shifts to the claimant to show by a preponderance of the evidence that the property is not subject to forfeiture. *See* 19 U.S.C. § 1615, *see also United States v. One 1984 Cadillac*, 888 F.2d at 1135.

In this case, the United States has clearly met its burden of establishing probable cause. Federal agents seized the vehicle while executing a valid search warrant. The vehicle was then searched, revealing seven kilograms of cocaine in a hidden compartment. Claimant Key is the title owner of the vehicle. A jury convicted Key of possession with intent to distribute seven kilograms of cocaine. The Court must consider these facts in the light of the government's Motion for Summary Judgment.

### B. Standard for Summary Judgment

■ It is well-established that when considering a summary judgment motion, the moving party must show that "... there is no genuine issue as to any material fact ..." Fed.R.Civ.P. 56(c). Moreover, the Court must consider the facts in the light most favorable to the non-moving party and draw all reasonable inferences from the facts in the non-moving party's favor. *See Agristor Financial Corp. v. Van Sickle*, 967 F.2d 233 (6th Cir.1992).

Claimant Key has not sustained his burden of showing by a preponderance of the evidence that the vehicle is not subject to forfeiture. First, he has not filed any response to the instant Motion for Summary Judgment. Nevertheless, Key could not refute the facts of this case: he owns the vehicle; seven kilograms of cocaine were found inside the vehicle in a hidden compartment; the Court tried and a jury convicted Key of possession of the cocaine. Therefore, the vehicle is subject to forfeiture under applicable law, no question of material fact remains, and the United States is entitled to judgment as a matter of law.

Considering the facts in the light most favorable to the non-moving party and drawing all reasonable inferences in the non-moving party's favor, there is no genuine issue of material fact remaining, and judgment as a matter of law is appropriate. The remaining questions, however, are whether or not the government provided adequate notice to Claimant Key and whether or not this justifies granting a Motion to Dismiss.

### C. Standard for Dismissal

Rule 12(b)(6) provides that:

[e]very defense, in law or fact, to a claim for relief in any pleading ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses at the option of the pleader may be made by motion: (6) failure to state a claim upon which relief may be granted.

The Sixth Circuit has often discussed how a trial court is to review a Rule 12(b)(6) motion. It states that a trial court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir.1994); *see also Miller v. Currie*, 50 F.3d 373, 377 (6th Cir.1995). Because a Rule 12(b)(6) motion rests upon the pleadings rather than the evidence, "[i]t is not the function of the court [in ruling on such a motion] to weigh evidence or evaluate the credibility of the witnesses." *Miller*, 50 F.3d at 377. As put by the Supreme Court,

When a federal court reviews the sufficiency of a complaint, before the reception of any evidence[,] its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.

*Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) (*quoted in Miller*, 50 F.3d at 377). Thus, the court should deny a Rule 12(b)(6) motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Gazette*, 41 F.3d at 1064; *see also Miller*, 50 F.3d at 377; *Vemco, Inc. v. Camardella*, 23 F.3d 129, 132 (6th Cir.1994).

This Court must decide if the government acted in accordance with the statute. The seizure of vehicles used in drug related

crimes is provided for in 21 U.S.C. § 881(a)(4). Section 881(a)(4) states that "all conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment" of controlled substances are subject to forfeiture to the United States. 21 U.S.C. § 881(a)(4). The primary issue in Claimant's Motion to Dismiss, however, is whether or not he received notice of the forfeiture action. The appropriate statutory provision is found under 21 U.S.C. § 888(b). This section provides that:

> At the time of seizure, the officer making the seizure shall furnish to any person in possession of the conveyance a written notice specifying the procedures under this section. *At the earliest practicable opportunity after determining ownership of the seized conveyance,* the head of the department or agency that seizes the conveyance shall furnish a written notice to the owner and other interested parties (including lienholders) of the legal and factual basis of the seizure.

21 U.S.C. § 888(b) (emphasis added).

### III.

■ Claimant's motion rests on the allegation that the United States did not provide prompt notice of forfeiture. Therefore, the Claimant argues that the government is in violation of 21 U.S.C. § 888(b), and the forfeiture must be dismissed.

### A. Plain Language of the Statute

The statute itself gives no concrete guidelines to use when judging the timeliness of notice. The only guideline is that the government "furnish" written notice "at the earliest practicable opportunity after determining ownership of the seized conveyance." 21 U.S.C. § 888(b). The statute gives no further guidelines. In Section 888(c) of the statute, a guideline of sixty days is given for filing a complaint for forfeiture, but that guideline is not explicitly linked to the notice requirement. There are no specific time periods addressing the issue of notice. Courts are split as to how to interpret the statutory language.

### B. Prior Case Law

In *Dwyer v. United States,* 716 F.Supp. 1337, 1339 (S.D.Cal.1989), the government did not send notice until sixty-two days after the seizure of property, and the court ruled that this was inadequate notice. The *Dwyer* court noted that Congress expressed a clear intent that the government move quickly when bringing forfeiture proceedings. *See Dwyer v. United States,* 716 F.Supp. at 1339. That court also noted that in order to provide expedited procedures in such matters, Congress amended the forfeiture statute in 1988. *See* Anti–Drug Abuse Act of 1988, Pub L. 100–690, Title VI, Subtitle B, § 6080, 102 Stat. 4181, 4326. Given the Congressional intent and the imprecise nature of the statute, the *Dwyer* court applied the time guidelines used in subsection (c) of the statute to subsection (b) as well.[6] The *Dwyer* court used the following reasoning to adopt the same time requirement:

> To prevent the government from doing indirectly that which it cannot do directly, it would seem that, at the minimum, the government must be required to send the seizure notice within 60 days of the seizure.

*Dwyer,* 716 F.Supp. at 1340. Such analysis rests on the fact that when a court construes a part of a statute it should view that provision in light of the whole statutory framework. *See generally Comm'r v. Engle,* 464 U.S. 206, 104 S.Ct. 597, 78 L.Ed.2d 420 (1984).

The reasoning used in *Dwyer* is not appropriate to this case. First, the *Dwyer* court is concerned that vehicle owners will be deprived of use of their vehicles for long periods of time without having any recourse to the courts. *See Dwyer,* 716 F.Supp. at 1339. In the present case, this is simply not a concern. Claimant. Key was incarcerated during the time that the authorities seized the vehicle. This is not to say that being incarcerated deprives Claimant Key of his legal rights. In fact, Claimant Key has readily appealed the forfeiture proceeding in the past through his motion for return of property. Claimant Key's Due Process

---

6. The court in *Dwyer* noted that the language of the statute could only contemplate a delay of a week after ownership is determined. *See Dwyer,* 716 F.Supp. at 1340.

rights are intact. Nevertheless, seizing the vehicle did not deprive Claimant Key of any rights since he was incarcerated. Second, the government sent their first notices quicker than the sixty-two days in *Dwyer*.

The court in *Application of Mayo*, 810 F.Supp. 121, 125 (D.Vt.1992) adopted the same reasoning by ruling that a delay of seventy-seven days in publishing a notice of seizure constituted a procedural deficiency. Again, the delay of seventy-seven days does not compare to the delay of approximately twenty-one days in the present case.

Claimant Key also relies on the ruling in *Brantz v. United States*, 724 F.Supp. 767, 773 (S.D.Cal.1989), which found a delay of twenty-one days between seizure and sending notification to be a violation of 21 U.S.C. § 888(b). The *Brantz* court did admit that the indeterminate nature of the statute's language demonstrates that Congress did not intend a bright-line standard in this area. *See Brantz*, 724 F.Supp. at 769. Therefore, the Court is not persuaded by the conclusion that twenty-one days is too long a period for notice. The *Brantz* court also notes that in a large city, the deprivation of one's car is a substantial hardship. *Id.* at 770. As noted before, this is not an issue in the present case since Claimant Key was incarcerated during the time that the authorities held the vehicle. The *Brantz* court's narrow reading of the statute is not appropriate in the present case.

Other courts, however, have adopted a broader approach. In *Tunstall v. United States*, 1991 WL 46329 at *2 (March 28, 1991, E.D.Pa..), the court interpreted the statute so that if the government's actions were "reasonably calculated to provide notice, the notice requirement will have been satisfied." In *Hill v. United States*, 830 F.Supp. 270, 273 (E.D.Pa.1993), the government attempted to send notices to a defendant at his last known address and known place of incarceration—when the letter was returned unclaimed from the prison, the government sent another letter; the court ruled that there was adequate notice. The court also recognized that even if the Defendant in *Hill* never received the letter, the plaintiff received unofficial notice from his wife. *Hill*, at 274.

The United States contends that when compared to other cases, it gave more than adequate notice. In contrast, the fact pattern in *Torres v. United States*, 1988 WL 113366 at *1 (Oct. 25, 1988 E.D.Pa.) provides an example of inadequate notice. In that case, the court found legal notice was not established when Plaintiff's name was misspelled on the envelope, the government offered no proof that notice had been published in an appropriate publication, and a question of fact existed as to whether the United States correctly identified the proper owner of the seized property. *Id.* In this case, the United States says it did everything required and that its notice was reasonable.

## IV.

The statute in this case does not provide clear guidance regarding the time requirements of proper notice. The statute merely requires that notice be given at the "earliest practicable opportunity." 21 U.S.C. § 888(b). It may be true that Claimant Key did not physically receive the government's notice until sometime after the vehicle was seized. Nevertheless, the government did everything it could have possibly done to find Claimant Key. It is true that Claimant Key moved frequently between different correctional facilities, but it is unreasonable to require the government to personally locate a prisoner in order to give him notice. There was no reason why the government should not have relied on the information it had. The government should not be limited to pursuing forfeitures only when the Defendant physically possesses a letter of notice. In this case, the government's efforts were sufficient.

The circumstances in the present case are most similar to those in *Hill v. United States*, 830 F.Supp. 270 (E.D.Pa.1993). In that case, the United States attempted to send notices to a defendant at his last known address and known place of incarceration. *Id.*, 830 F.Supp. at 273. When the letter was returned unclaimed from the prison, the government sent another letter. Under these circumstances, that court ruled that there was adequate notice. The *Hill* court also recognized that even if the defendant never

received the letter, the plaintiff received unofficial notice from his wife. *Hill*, 830 F.Supp. at 274. The *Hill* court stated that the issue in these cases is not the "timeliness of the notification but whether the government's attempts to notify the plaintiff of the seizure constitutes legal notification." *Hill*, 830 F.Supp. at 273. The court concluded that the government's actions constituted legal notification. *id*. *Hill* seems to focus on what constitutes notice instead of what constitutes timely issuance of notice. In the present case, Claimant not only received adequate notice, but he received that notice in a timely fashion.

In determining what "earliest practicable opportunity" means, the Court must consider the realities of law enforcement. When initiating a drug related arrest, the government's first priority is to pursue criminal prosecution. Commencing a civil forfeiture is usually a secondary, if not a tertiary, concern. Also, the sheer number of claims tends to frustrate the administrative system which handles civil forfeitures. This is, of course, no excuse for an excessive delay, but a brief delay should be tolerated. The ultimate goal is to promote expediency while recognizing the limitations of the system.

In future cases, the facts may demand a different outcome. Given the construction of the statute, a case by case analysis the best approach. In the present case, Claimant Key was incarcerated when the government seized the vehicle. The fact that the government held the vehicle for twenty-one days before sending notice, did not interfere with Claimant Key's ability to use the vehicle. There is little else the government could have done except arresting Claimant Key and providing notice almost simultaneously.

In this case, a strict interpretation of the statute is not reasonable. Since the government sent three notices to three different addresses and then followed up on the returned notices, the government acted with appropriate diligence.[7] The government did not wait an excessive amount of time to send notice. This Court adopts the reasoning used in *Hill*, and the Claimant's Motion for Dismissal is denied.

Based on the foregoing analysis, the Court **GRANTS** Plaintiff's Motion for Summary Judgment and **DENIES** Claimant's Motion to Dismiss.

**IT IS SO ORDERED.**

---

7. It is important to note that Claimant Key's girlfriend, Rhonda Morris, called this court numerous times in December 1996 regarding the forfeiture action. Such behavior indicates that Claimant Key knew about this proceedings.