**UNITED STATES of America,
Plaintiff,**

v.

**ONE 1992 FORD MUSTANG GT, VIN 1FACP42E5NF134795; and One 1996 Chevrolet Camaro Z–28 VIN 2G1FP22P5T2153447, Defendants.**

**Thomas Kikuchi, claimant.**

**No. 99 CV 2362 LGB(AIJX).**

United States District Court,
C.D. California.

Oct. 13, 1999.

Leon W. Weidman, John E. Lee, Janet C. Hudson, Asst. U.S. Attys., Office of U.S. Attorney, Civil Div., Los Angeles, CA, for U.S.

Paul L. Gabbert, Paul L. Gabbert Law Offices,Santa Monica, CA, for claimant Thomas Kikuchi.

ORDER GRANTING CLAIMANT'S MO-
TION TO DISMISS PLAINTIFF'S
FORFEITURE ACTION

BAIRD, District Judge.

## I. *INTRODUCTION*

This matter involves the seizures of a 1992 Ford Mustang GT and a 1996 Chevrolet Camaro Z–28 ("defendants") by plaintiff United States ("plaintiff" or "government") from claimant Thomas Kikuchi. Claimant argues that the government violated the 21 U.S.C. § 888(b)[1] requirement that a notice of factual and legal basis for the seizure be sent at the earliest practicable opportunity. As a remedy, claimant argues that this Court should dismiss this action and order the government to return the subject automobiles. For the following reasons, this Court agrees and hereby dismisses this action and ORDERS the plaintiff to return the two vehicles to claimant Kikuchi, without a bond.

---

1. All section numbers in the text of this opin- ion refer to Title 21, unless stated otherwise.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On April 8, 1998, the Ventura County Sheriff Department ("VCSD") served search warrants at numerous locations allegedly involved in marijuana cultivation and distribution. *See* Terry Decl. at para. 2. In connection with this investigation, the VCSD seized the two vehicles now subject to this civil forfeiture action, and obtained and served search warrants for several bank accounts relating to the marijuana cultivation and distribution operation. *See id.* at para. 3. The seizures of the bank funds and currency were adopted by the FBI on July 15, 1998. *See* Claimant's Reply, Exs. 10–14. The seizures of the vehicles were adopted by the FBI on July 30, 1998. *See* Claimant's Mem. of P. & A., Exs. 1–2. The FBI took custody of the vehicles on September 9, 1998. *See* Terry Decl. at para. 5. On or about September 23 and 24, the two vehicles were referred to FBI headquarters for administrative forfeiture. *See id.* Owing to an administrative oversight, on or about October 5, 1998, the two vehicles were erroneously referred to the U.S. Attorney's Office for commencement of a judicial forfeiture proceeding. *See id.* Because the administrative forfeiture proceedings had not yet been completed, this referral was returned to FBI headquarters for completion of the administrative forfeiture proceeding. *See id.*

Notices of the seizure of the bank funds and currency were sent to the prospective claimants on July 31, 1998—16 days after the FBI adopted the seizure. *See id.* at para. 4. However, notice of the seizures of the two vehicles were not sent until November 24, 1998—117 days after the FBI adopted the seizure. *See id.* at para. 5.

On January 4, 1999, claimant submitted a claim letter, thereby declaring an interest in the property, which in turn prompted the United States Attorney's Office to file a verified complaint for forfeiture on March 5, 1999. The forfeiture action was filed pursuant to section 881(a)(6). The action was originally assigned to Judge Carlos R. Moreno, but later transferred to this Court pursuant to Local Rules 4.3.1(a) and 4.3.1(d) (related cases). Claimant filed this motion on May 3, 1999. The present motion is captioned as a "Motion to Dismiss [Terminate Proceedings]" and is brought under Fed.R.Civ.P. 12(b)(1)[2] and 12(b)(6). Plaintiff filed its opposition on June 7, 1999,[3] to which claimant replied on June 14, 1999.

The defendant vehicles were seized under section 881(a)(6), allegedly because they were furnished or intended to be furnished in exchange for a controlled substance, or they were purchased with proceeds traceable to such an exchange. *See* Nov. 24, 1998 Notice, Claimant's Mem. P. & A. Exs. 1, 2 ("Nov. 24, 1998 Notice"). The defendant vehicles were not themselves contraband, evidence of a crime, or particularly suited for the commission of a crime,[4] and are therefore eligible for release under section 888(d) if this court finds that the plaintiff violated the statute.

## III. STANDARD

Rule 12(b)(6) provides for dismissal when a complaint fails to state a claim upon which relief may be granted. *See* Fed.R.Civ.P. 12(b)(6). A complaint fails to state a cause of action if it does not allege

---

**2.** Although claimant asserts that this Court lacks subject matter jurisdiction in the caption of the motion (12(b)(1)), he provides no factual or legal support for a lack of subject matter jurisdiction under Rule 12(b)(1) either in his motion or reply. Therefore the Court does not address this argument.

**3.** Plaintiff, in its opposition, argues that the motion should be denied because claimant failed to comply with Local Rule 7.4.1. This

Court will excuse the failure and considers the motion on the merits.

**4.** Plaintiff's assertions that it "question[s] the street legality of the [1992 Mustang]" due to the modifications made by claimant does not render the automobile evidence of a violation of law or particularly suited for the commission of a crime. *See* Pl.'s Mem. of P. & A. in Opp. to Claimant's Mot. to Dismiss, Ex. A.

facts necessary to support a cognizable legal claim. *See Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1988); *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533–34 (9th Cir.1984).

In reviewing a Rule 12(b)(6) motion, a court must presume the truth of factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party. *See Parks Sch. of Bus., Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995); *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir.1987). Dismissal under Rule 12(b)(6) is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (dismissal appropriate only where "plaintiff can prove no set of facts in support of his claim which would entitle him to relief")); *Ascon Properties, Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1152 (9th Cir.1989). The issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the plaintiff's claim. *See Usher,* 828 F.2d at 561.

If the Court considers matters outside the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56. *Farley v. Henderson,* 883 F.2d 709 (9th Cir.1989).

Rule 56 of the Federal Rules of Civil Procedure provides that a court shall grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*

The moving party for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of fact for trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the moving party has the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact would find other than for the moving party. Conversely, on an issue for which the nonmoving party has the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. 2548.

Once the moving party satisfies its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505.

The general rule is that when a court considers a motion to dismiss as a motion for summary judgment, the parties must be given notice so as to give them an opportunity to supplement the record. *See generally, Bank Melli Iran v. Pahlavi,* 58 F.3d 1406, 1408 (9th Cir.1995). However, "a represented party who submits matters outside the pleadings to the judge and invites consideration of them has notice that the judge may use them to decide a motion originally noted as a motion to dismiss, requiring its transformation to a motion for summary judgment." *San Pedro Hotel Co. v. City of Los Angeles,* 159 F.3d 470, 477 (9th Cir.1998) (quoting *Grove v. Mead School Dis.,* 753 F.2d 1528, 1533 (9th Cir.1985)). Here, both claimant and plaintiff have provided several exhibits and declarations, which the Court considers in its decision. Therefore, the Court considers the instant motion as a motion for summary judgment

## IV. *ANALYSIS*

■■■ Forfeiture is a " 'harsh and oppressive procedure' which is not favored by the courts." *United States v. $191,-910.00 in U.S. Currency,* 16 F.3d 1051, 1069 (9th Cir.1994) (quoting *United States v. One 1976 Mercedes Benz,* 618 F.2d 453, 454 (7th Cir.1980). As a result, the United States Supreme Court and the Ninth Circuit have held that forfeiture statutes are to be strictly construed against the government. *See United States v. One 1936 Model Ford V-8 DeLuxe Coach,* 307 U.S. 219, 226, 59 S.Ct. 861, 83 L.Ed. 1249 (1939); *$191,910.00 in U.S. Currency,* 16 F.3d at 1068. Accordingly, "the burden on the government to adhere to procedural rules should be heavier than on claimants." *$191,910.00 in U.S. Currency,* 16 F.3d at 1069.

■■■ In civil forfeiture actions, the government is first required to show that there is probable cause that the property at issue is subject to forfeiture. *See* 19 U.S.C. § 1615.[5] Claimant does not contest the plaintiff's showing of probable cause. Therefore, for the purpose of this motion, this Court will assume that this requirement has been met. Once the government has shown probable cause, it is the claimant's burden to show by a preponderance of the evidence that the property is not subject to forfeiture. *See id.* The claimant here states that the action should be dismissed and the property returned because the government failed to give him adequate notice under the statute.

■■■ In 1988, Congress enacted heightened procedural requirements for the forfeiture of conveyances seized by the

government for drug related offenses. *See* 21 U.S.C. § 888. Section 888(b) provides that:

> At the time of seizure, the officer making the seizure shall furnish to any person in possession of the conveyance a written notice specifying the procedures under [section 888]. At the earliest practicable opportunity after determining ownership of the seized conveyance, the head of the department or agency that seizes the conveyance shall furnish a written notice to the owner and other interested parties (including lienholders) of the legal and factual basis of the seizure.

21 U.S.C. § 888(b). The statute has two parts. First, the seizing agents must provide notice to the possessor of the property when the seizure is effected. However, once the seizing agency has determined the true owner of the property, the head of the agency must provide him or her with notice of the legal and factual basis for the seizure at the earliest practicable opportunity. *See id.* It is this notice which provides the claimant with the sufficient information, such as the administrative claim number, the amount of the cost bond, and the procedure to follow, so as to allow him or her to post a cost bond and file a claim on the property seized. *See* Nov. 24, 1998 Notice. Upon receiving such notice, then, the owner may petition for an expedited decision with respect to the automobile, provided the owner posts a cost bond and files the requisite claim as provided in 19 U.S.C. § 1608. *See* 21 U.S.C. § 888(a). The owner's filing of the claim subsequently triggers the government's obligation to initiate a forfeiture action in federal district court within 60 days. *See* 21 U.S.C. § 888(c).[6] Based on the undisputed dates

---

**5.** The 19 U.S.C. § 1615 forfeiture provisions apply to forfeitures dealing with violations of customs laws. However, the section is incorporated into section 881 through 21 U.S.C. § 811(d). *See* 21 U.S.C. § 881(d).

**6.** 21 U.S.C. § 888(c) provides that:

[n]ot later than 60 days after a claim and cost bond have been filed ... regarding a

conveyance seized for a drug related offense, the Attorney General shall file a complaint for forfeiture.... If the Attorney General does not file a complaint as specified in the preceding sentence, the court shall order the return of the conveyance to the owner and the forfeiture may not take place.

Therefore, without the administrative claim number and the cost bond amount, the claim-

outlined in the factual analysis of this opinion, the plaintiff argues that it complied with the "earliest practicable opportunity" requirement because (1) it only received custody of the defendant vehicles on September 9, 1998, thereby shortening the delay caused by it to 76 days, (2) because any further delay was caused by an "administrative oversight," (3) because no substantial hardship has resulted from the delay, and (4) because the investigation was complex. As a result of these facts, plaintiff urges this Court to tolerate the *brief* delay that preceded the mandated notice and deny claimant's motion.

In addition, plaintiff argues that (1) other notices regarding different assets were given to the claimant, thereby putting him on notice of the procedure he should follow, and (2) that claimant could have used the Rule 41(e) procedures for return of property. Fed.R.Crim.P. 41(e).

## A. Date of Adoption is the Date of Seizure

The plaintiff argues that the date of custody—namely September 9, 1998—is the date at which plaintiff "seized" the defendant vehicles. Time of custody, however, is irrelevant under the statute. Section 888(b) is clear: the notice must be given by the head of the agency that *seizes* the automobile, not by the head of the agency that has custody of it. *See* 21 U.S.C. § 888(b). The relevant question then is not who has custody, but who seized the property.[7] In this case, the agency that seized the property was the VCSD. The federal government "adopted" the seizure from the VCSD on July 30, 1998.[8] There is nothing procedurally deficient with such a practice, as a federal

agency may adopt the seizure of property seized by another agency as related to illegal drug use or trafficking. *See* 21 C.F.R. § 1316.91(*l*) (1999); *United States v. One Ford Coupe Auto.*, 272 U.S. 321, 325, 47 S.Ct. 154, 71 L.Ed. 279 (1926). Therefore, the time of adoption is the time of seizure.

Having determined the date of seizure, the next question is whether the plaintiff complied with the "earliest practicable opportunity after determining ownership" requirement of the statute. In order to do so, however, the Court must determine when the plaintiff determined ownership. The record is unclear as to when the VCSD or the FBI determined ownership. However, the plaintiff admits that both vehicles were registered in the name of the claimant. See Complaint at 2. Giving the non-moving party the benefit of the doubt, and assuming that a registration check should take no more than one week, the Court assumes that ownership was determined by the FBI no later than August 15, 1999, or fifteen days after the adoption.

The Court now addresses whether the notice was sent at the earliest practicable opportunity after that. There are only three cases in California that have addressed the meaning of the "earliest practicable opportunity" language in section 888(b).

In *Dwyer v. United States*, 716 F.Supp. 1337 (S.D.Cal.1989), the court held that a 62 days delay was unreasonable and thereby warranted the dismissal of the forfeiture action initiated by the government. *See id.* at 1340–41. The court stated that the language of the statute "cannot realistically contemplate a delay of longer than a

---

ant is unable to post bond, or file a claim, for the return of the property.

**7.** If custody were the standard, the FBI would be able to postpone the notice requirement, and thereby bypass the protections of the statute, by simply adopting a state law enforcement seizure and leaving the property with the local authorities until the FBI wished to initiate its forfeiture proceeding.

**8.** Claimant provided proof that the FBI adopted the seizure on July 30, 1998 by presenting the notice of factual and legal basis (888(b) notice) that was finally sent to him on November 24, 1998. In that notice, the FBI states that "[t]his seizure was adopted by the Federal Bureau of Investigation (FBI) on July 30, 1998." *See* Claimant's Mem. of P. & A., Exs. 1, 2. The plaintiff did not offer any evidence to put that fact in dispute.

week after ownership is determined." *Id.* at 1340. Although that language was not necessary for the disposition of the case, the reasoning of *Dwyer* was followed in *Brantz v. United States,* 724 F.Supp. 767, 769 (S.D.Cal.1989).

In *Brantz,* the court stated that a delay of 21 days was violative of the statute. However, the court found that such a delay was not so egregious as to warrant dismissal of the action and that return of the automobile, secured by a bond, was sufficient. *See id.* at 773. Finally, the court in *United States v. One 1996 Toyota Camry,* 963 F.Supp. 903 (C.D.Cal.1997), came to the same conclusion. There, the court released a vehicle upon posting of a bond for a delay of 54 days.

 Here, the plaintiff was deprived of notice of the seizure of his vehicles under section 888(b) for at least 101 days (from the presumed date of determination of ownership until the date the notice was sent). As such, this Court finds that delay to be unreasonable.

### B. Oversight

 The government also offers evidence that the delay was caused by an "administrative oversight." In *United States v. Sharp,* 655 F.Supp. 1348, 1352 (W.D.Mo.1987), the court held that the failure to initiate a forfeiture proceeding because of an oversight by the government amounted to a violation of the claimant's Fifth Amendment right to due process. In any event, oversight cannot excuse the violation of a federal statute, especially in the context of civil forfeitures.

### C. Hardship

The plaintiff also argues that no substantial hardship has been shown. Somewhat underlying this argument is the premise that claimant's statutory rights are diminished because he owns more than one vehicle. The plaintiff states that while he was observed, claimant "was not observed to be using these vehicles for ordinary transportation purposes and did not appear to operate these vehicles on a regu-

lar basis." Pl.'s Opp. at p. 4; Terry Decl. at 12. In fact, "claimant was observed by VCSD to be driving a different vehicle for ordinary transportation purposes." Pl.'s Opp. at p. 4; Terry Decl. at 12.

 Nevertheless, hardship is not a factor under the statute. The plaintiff brought its forfeiture action under section 881(a)(6), which provides that:

> The following items shall be subject to forfeiture ...: all ... things of value furnished or intended to be furnished by any person in exchange for a controlled substance ... in violation of this chapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and security used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6); *see* Nov. 24, 1998 Notice. The procedures that the plaintiff must follow are outlined in 21 U.S.C. § 888. Neither section 881 or section 888 distinguishes between automobiles one uses for "ordinary transportation purposes," and those one uses for "non-ordinary" purposes (whatever these may be). The only interest addressed by the statutes is the ownership interest of the claimant.

To support its argument, plaintiff cites to *United States v. One 1990 GMC Jimmy,* 972 F.Supp. 1091, 1095 (E.D.Mich.1997). However, *One 1990 GMC Jimmy* is distinguishable from the facts in this case in two major ways. *First,* the defendant in *One 1990 GMC Jimmy* was incarcerated during the time the authorities seized the vehicle. *Second,* the overall delay in that case was only twenty-one days. *See id.* at 1093. Whereas in this case, the overall delay was at least 101 days.

### D. Complexity of the Case

 Next, the plaintiff argues that its delay is excusable because of the complexity of the investigation. The plaintiff states that there were numerous members involved, and that this was a sophisticated

marijuana cultivation and distribution organization. Plaintiff cites to *United States v. One 1997 Mercedes E420*, 175 F.3d 1129 (9th Cir.1999) to support its position. The *One 1997 Mercedes E420* case is not controlling because it addresses a different subsection of the statute—21 U.S.C. § 888(c). In that case, the section 888(b) notice had already been given. That notice provided the owner with sufficient information to avail himself of the procedures set forth in section 881(d), which allowed him to post a bond and file a claim for the return of the property. The lack of notice here effectively prevented claimant from exercising his statutory rights.

Plaintiff also cites to *Brantz v. United States*, 724 F.Supp. 767, 771 (S.D.Cal.1989) for the proposition that the government may, in complex cases, take a few weeks to compile the legal and factual basis for the seizure. *Id.* This Court agrees. However, the delay at issue here is 101 days, or over 14 weeks.

Finally, the plaintiff cites to *Scott v. United States*, 950 F.Supp. 381, 388 (D.D.C.1996). The court in *Scott* held that a 50 days delay was permissible "[i]f it would not have been reasonable for the government to act more expeditiously to seek forfeiture of the vehicle." *Id.* In other words, the court allowed the government enough time to satisfy itself that it had probable cause to seize the vehicle under one of the applicable statutes. In this case, the only information that the government needed in order to send the section 888(b) notice as to the vehicles was the identity of the owner. *See* 21 U.S.C. § 888(b). The agency does not have to make its decision whether to forfeit the automobiles before issuing the section 888(b) notice. *See Brantz*, 724 F.Supp. at 770. Here, both automobiles were titled and registered to the claimant,[9] and it would have been reasonable for the government to send the notice within a week of determining ownership.

### E. Similar Notices

■ The plaintiff also argues that claimant's receipt of similar notices, albeit addressing different assets, explained all the relevant procedures in connection with the seizures of those assets, and therefore provided adequate notice for the seizure of the defendant vehicles. This argument misses the point. A claimant cannot file a claim and cost bond until he or she receives the *proper* seizure notice because the notice sets forth the amount that must be posted and the case number in the administrative agency's record. *See Dwyer v. United States*, 716 F.Supp. 1337, 1339 (S.D.Cal.1989). As long as the claim and cost bond are not filed, the 60 day limit for filing the forfeiture under section 888(c) does not begin to run. *See id.* Therefore, by delaying the notice to the claimant, the plaintiff can delay the forfeiture proceeding indefinitely.

### F. Rule 41(e)

■ Finally, the plaintiff argues that with the information provided in the similar notices, claimant could have filed a motion for return of property under Fed. R.Crim.P. 41(e). In *Brantz v. United States*, 724 F.Supp. 767, 771 (S.D.Cal. 1989), the government advocated the exact opposite position. In that case, however, the court stated that "Rule 41(e) is not the appropriate procedural mechanism for a motion to return of property subject to forfeiture because the proceeding is not part of a criminal case. A motion for return of property seized for forfeiture purposes is essentially a civil action to recover personal property." *Id.* (citing *Goodman v. United States*, 369 F.2d 166, 168 (9th Cir.1966)).

### V. CONCLUSION

■ Viewing all the evidence in the light most favorable to the non-moving party, and in light of the statute, the interpreting cases, and all the circumstances

---

**9.** *See* Complaint at 2. Also, the claimant states so in his declaration, and such assertion is not refuted by the plaintiff. *See* Kikuchi Decl. at para. 2.

surrounding this case, including the delay of 101 days, this Court finds that the plaintiff did not act at the earliest practicable opportunity. As to remedies, the *Dwyer* Court dismissed the entire action for a delay of 62 days. This Court finds that remedy appropriate under the circumstances here. Therefore, the forfeiture action is DISMISSED and the plaintiff is ORDERED to promptly return the two defendant vehicles to the claimant without a bond.

**IT IS SO ORDERED.**