**Daryl LITTLE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV. 98–74748.**

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 4, 1999.

Daryl Little, White Deer, PA, pro se.

Jennifer J. Peregord, Asst. U.S. Atty., U.S. Atty's Office, Detroit, MI, for U.S.

### OPINION AND ORDER

ANNA DIGGS TAYLOR, District Judge.

Plaintiff Daryl Little's civil complaint for return of property is now before this Court on remand from the United States Court of Appeals for the Sixth Circuit. The case has been remanded for this Court's decision as to whether the doctrine of laches bars Plaintiff's claim, insofar as he seeks the return of two automobiles that were seized by the federal government in February of 1991.

### I.

In May 1992, Plaintiff was convicted on drug and firearm charges and of leadership of a conspiracy to distribute cocaine and cocaine base. On April 1, 1996, Plaintiff filed a *Motion for the Return of Property.* The property Plaintiff sought to have returned included several pieces of personal property, $15,555 in currency, and two automobiles. The property had been seized by Detroit police officers in February of 1991, pursuant to a valid search warrant.

Plaintiff's motion was construed as a motion subject to Federal Rule of Criminal Procedure 41(e) and was denied by this Court on September 17, 1996. On November 4, 1996, Plaintiff filed a *Motion to Vacate the Judgement Under Rule 60(b)* arguing that the federal government had control over his automobiles and that his Rule 41(e) motion should have been construed as a civil complaint. The motion was denied by this Court on November 19, 1996 and Plaintiff filed his appeal with the Sixth Circuit on December 23, 1996.

The Sixth Circuit affirmed this Court's order in part and vacated it in part. That court held that the portion of this Court's order of September 17, 1996, denying Plaintiff's motion for return of property in state custody was final, as Plaintiff failed to timely contest this Court's ruling that it lacked jurisdiction over property seized by the State. However, the Sixth Circuit held that the Court relied on a mistake of law cognizable under Federal Rule of Civil Procedure 60(b) to the extent it held that Plaintiff's motion for return of property was barred because it was not brought prior to trial pursuant to Federal Rule of Criminal Procedure 12(f).

Therefore, because two automobiles had in fact been placed under the control of federal agents following Plaintiff's 1991 arrest, the Sixth Circuit remanded Plaintiff's motion for return of property back to this Court so that it may resolve the issue of whether the doctrine of laches bars Plaintiff's claim for return of those two automobiles.

## II.

■ Before turning to the merits of the government's laches defense, the Court will briefly address Plaintiff's claim that the government waived their opportunity to raise a laches defense. The issue of whether a question may be brought and resolved for the first time on appeal is left primarily to the discretion of the Court of Appeals. *Singleton v. Wulff*, 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976). Plaintiff is correct in asserting that as a general rule, the Sixth Circuit does not exercise this power and declines to address arguments not raised in district court. *Moore v. Philip Morris Companies, Inc.*, 8 F.3d 335, 342 (6th Cir. 1993). However, where an issue has not been presented to the district court, it is within the discretion of the Sixth Circuit to remand the case back to the district court so that the district court may have an opportunity to consider the matter.

That is what has occurred here. In reference to the government's laches defense, the Sixth Circuit recognized that the "...new [laches] argument raises factual questions that are properly addressed in the first instance by the district court" and therefore remanded the case to this Court.

■ In order to determine whether Plaintiff's claim is barred by the doctrine of laches, the Court must first decide what statute of limitation is applicable to Plaintiff's claim. In the Sixth Circuit, there is a strong presumption that the doctrine of laches may not be applied when the statute of limitations applicable to a claim has not run, absent compelling reasons. *Patton v. Bearden*, 8 F.3d 343, 348 (6th Cir.1993).

Here, there are two statutes of limitation that may be applicable. The first is the general civil statute of limitation of 28 U.S.C. § 2401(e). Under 28 U.S.C. § 2401(e), "[E]very civil action against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." While there is no uniform application of the above general six year statute of limitations to equitable actions challenging a deficient forfeiture procedure, many courts including this one have found it applicable in such actions. See, *Vance v. United States*, 965 F.Supp. 944, 945–946 (E.D.Mich.1997). Here, it is uncertain whether Plaintiff's claim should in fact be characterized as a challenge to a deficient forfeiture proceeding (which is subject to a shorter statute of limitations) as there is no available record of the actual disposition of the automobiles. Irrespective however, of whether a civil action claim arises out of a challenge to a deficient forfeiture, this Court applies the six year general statute of limitations. Thus, the general six year statute of limitations may be applied to Plaintiff's claims.

The Court must next determine whether the six year general statute of limitations bars Plaintiff's claim. Here, Plaintiff's property was seized in February of 1991 and Plaintiff filed his motion for return of property, now being construed as a civil complaint, on April 1, 1996. Thus, Plaintiff filed his civil complaint within six years of the date his right of action first accrued and his action is not barred by the general civil statute of limitations.

However, if a proper administrative forfeiture involving the property did occur, then

Plaintiff's claim to the property is barred by the three year statute of limitations set forth at 19 U.S.C. §§ 1607–09. That section states that if no claim is filed to the property, title reverts to the United States after thirty days, except that title may revert back to a claimant who establishes ownership by proper claim within three years from the date of vesting of title in the United States. 19 U.S.C. §§ 1607–09. If the item has been put into official use or sold in the interim, reimbursement in lieu of return may be ordered. See 41 CFR Ch. 128, § 128–48. 102–1. Under the above statute, Plaintiff's claim to the property expired in March of 1994 and is therefore, time barred.

### III.

■■■ Assuming arguendo that Plaintiff's claim is not barred by the forfeiture statute of limitations, it may still be barred by the doctrine of laches despite the six year statute's applicability for compelling reasons. *Vance*, 965 F.Supp. at 946. In order for Plaintiff's claim to be barred by the doctrine of laches, the government must show that Plaintiff has (1.) unreasonably or without excuse delayed in bringing his claim and (2.) that the government has been materially prejudiced as a result of reliance on the delay. *Vance*, 965 F.Supp. at 947. Only after both prongs have been met can the Court, "weigh the delay and prejudice to determine whether justice requires that the claim be barred." *Advanced Cardiovascular Systems Inc. v. Scimed Life Systems Inc.*, 988 F.2d 1157, 1161 (Fed.Cir.1993). Under the doctrine of laches, the period of delay is measured from when the plaintiff had actual notice of the claim or would have reasonably been expected to inquire into the matter. *Id.*

■■■ Here, the vehicles Plaintiff claims in his motion for return of property were seized by federal agents in February of 1991. The government asserts that the property was taken directly from the Plaintiff at the time of his arrest. However, Plaintiff filed his motion five years after their seizure on April 1, 1996. Further, the government points out, no where in his motion for return of property does Plaintiff deny that he had actual notice of the seizure of the automobiles. 'Courts

have held that two years is a sufficient amount of time for a person who has not received official notice of the seizure but nevertheless knows his property has been seized, to make an effort to retrieve the property.' *Vance*, 965 F.Supp. at 947 (quoting, *Hill v. United States*, 830 F.Supp. 270, 274 (E.D.Pa.1993)). The time lapsed before Plaintiff filed his motion does not appear to be reasonable, nor has it been excused.

The government contends that the Plaintiff's claim that he was waiting until the end of his criminal proceedings to bring his motion for return of property is without merit. He was convicted in 1992. This Court agrees. Federal Rule of Criminal Procedure 41(e) states,

> "A person aggrieved by...the deprivation of property may move the district court ... for the return of the property. If the motion is granted, the property shall be returned to the movant although reasonable conditions may be imposed to protect access and use of the property *in subsequent proceedings*." (emphasis added)

The language of Fed.R.Crim.P. 41(e) clearly allows motions for return of property to be brought before the end of all criminal proceedings.

Thus, the government has demonstrated that Plaintiff's five year delay in bringing his motion was unreasonable and that Plaintiff has failed to provide adequate justification for his five year delay in bringing his motion. The Court concludes therefore, that the government has met the burden of the first prong of its laches defense.

In addition to demonstrating to the Court that Plaintiff's delay was unreasonable and unexcused, the government must also show that it was materially prejudiced as a result of reliance on the delay. The government argues that it has been irrevocably prejudiced by the delay since there are no longer any records of an administrative forfeiture proceeding verifying disposition of the automobiles. The Court agrees. In *Vance*, the Drug Enforcement Agency (DEA), relying on the finality of a properly published forfeiture, paid off the lien on a forfeited boat and disposed of the boat. 965 F.Supp. at 945. There, the court noted that because the Plaintiff's delay caused the DEA to believe the forfeiture would not be challenged, the

government would be materially prejudiced as it could not "undo" the forfeiture and return the boat to the petitioners. *Id.* at 947. Here, as a result of the Plaintiff's delay, the government has been materially prejudiced in its ability to show that the automobiles, were properly forfeited because they were used to transport drugs. In addition, assuming the property was forfeited, the government has been materially prejudiced in its ability to defend their forfeiture on the basis of the lack of a claim and cost bond. Finally, neither the automobiles or any paper trail leading to them are now available.

Thus, the government has met its burden for the material prejudice prong of its laches defense.

Because the government has met its burden for both prongs of the laches defense and in light of the evidence before it, the Court concludes justice requires that Plaintiff's claim be barred by laches.

Now therefore;

IT IS ORDERED that Plaintiff's motion for return of property is barred by the doctrine of laches and is therefore DENIED.

IT IS SO ORDERED.