883 F.2d 709
 Kenneth FARLEY, Plaintiff-Appellant,
v.
Daniel E. HENDERSON, Defendant-Appellee.
Arnold K. RILEY; Carolyn B. Riley; Tamara Riley; Robert
J. Wright, Plaintiffs-Appellants,
v.
Daniel E. HENDERSON; aka Dan Harris; James Lowell; Jerry
Borsch; Tom Honte; Randy Jones; Mervin Lakin;
Sandra Ramsey; Board of Medical
Examiners, Defendants-Appellees.
 Nos. 87-1771, 87-2275.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 14, 1989.
Decided May 17, 1989.
As Amended Aug. 29, 1989.
 
 Kenneth Farley, pro se.
 Robert J. Wright, Noti, Or., for plaintiffs-appellants.
 Jane E. Beach, Jones, Skelton & Hochuli, Phoenix, Ariz., for defendants-appellees.
 Appeal from the United States District Court for the District of Arizona.
 Before POOLE, FERGUSON and WIGGINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants in these two consolidated actions are members of the Holy Spirit of God Church. Both actions raise the identical issue: Whether the arrest of "psychic surgeon" Gary Magno by Phoenix police officer Daniel Henderson deprived appellants of their first amendment free exercise rights. We conclude that it did not and affirm the dismissal of both actions.
 
 
 2
 Magno professes to be a "psychic surgeon."[1] Officer Henderson engaged in an undercover police investigation of Magno. As a result of information gathered during this investigation, Henderson obtained a warrant and arrested Magno for medical fraud under an Arizona fraud statute, Ariz.Rev.Stat.Ann. Sec. 13-2310, on August 9, 1986.
 
 
 3
 Appellants Arnold, Carolyn, and Tamara Riley and Robert Wright paid the bail monies necessary to secure the release of Magno, his wife, and assistants who were arrested with Magno. The Rileys and Wright filed a pro se complaint in federal court under 42 U.S.C. Sec. 1983 alleging that their first amendment right to the free exercise of their religion was violated by the investigation and arrest of Magno.[2] Named as defendants are: Henderson; James Lowell, a member of the Arizona Chapter of the National Council Against Health Fraud; Jerry Borsch, Director of Investigations for the Arizona Board of Medical Directors; Tom Honte, a Scottsdale police detective; Randy Jones, a private citizen; Mervin Lakin, M.D.; Sandra Ramsey, a Special Agent of the Arizona State Attorney General's Office; and the Arizona Board of Medical Examiners. Appellant Farley also filed a pro se action against Henderson alleging a similar claim under the first amendment.[3]
 
 
 4
 The same attorney represented appellees in both actions. Similar motions to dismiss or alternatively for summary judgment were filed in both actions. Both motions were granted. Farley's action was dismissed on February 9, 1987, and the action filed by the Rileys and Wright was dismissed on May 15, 1987. In a separate order filed on June 18, 1987, the district court granted the motion filed by Henderson and Jones for attorneys' fees and costs against the Rileys and Wright.
 
 
 5
 Appellants appeal the dismissal of their first amendment claims. The Rileys and Wright also appeal the award of attorneys' fees. Appellees request attorneys' fees and costs on appeal.
 
 First Amendment
 
 6
 We have jurisdiction to consider the merits of appellants' claims under 28 U.S.C. Sec. 1291 (1982). Because matters outside the pleading were presented to and not excluded by the district judges in both actions, we treat appellees' motions as motions for summary judgment under Fed.R.Civ.P. 56. Fed.R.Civ.P. 12(b). We review a district court's grant of a motion for summary judgment de novo. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987). Summary judgment is appropriate where there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); T.W. Elec. Serv., 809 F.2d at 630.
 
 
 7
 Appellants contend that appellees conspired to, and succeeded in, depriving appellants of their right under the first amendment to experience spiritual surgery by arresting Magno on trumped up charges of fraud. Appellants' claims were properly dismissed by the district judge because appellants failed to satisfy their burden under Fed.R.Civ.P. 56(e). Rule 56(e) requires that the nonmoving party "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Celotex Corp. v. Catrett, 477 U.S. 317, 323-324, 106 S.Ct. 2548, 2552-2553, 91 L.Ed.2d 265 (1986) (quoting Rule 56(e)); see also Richards v. Harper, 864 F.2d 85, 88 (9th Cir.1988). Appellants have not presented any evidence outside the pleadings in support of their claim that appellees conspired to arrest Magno in order to preclude them from exercising their first amendment rights. All that is attached to Farley's response to appellees' motion is his affidavit and copies of two newspaper articles. The newspaper articles discuss the medical authenticity of psychic surgery, and have absolutely no bearing on the alleged conspiracy. Similarly, absent from Farley's affidavit is any mention of the alleged conspiracy. The only documents that the Rileys and Wright submitted in response to appellees' motion were the affidavit of clinical psychologist Lee Pulos and a copy of the search warrant obtained by Henderson. In his affidavit, Pulos indicates that he has studied psychic surgery and believes that for the most part it is authentic. He does not mention the alleged conspiracy. The search warrant refutes rather than supports appellants' contention that the arrest of Magno was a result of a conspiracy to deprive appellants of their first amendment rights. The form filled out by Henderson, which precedes the warrant, discusses in detail his reasons for believing that Magno was engaged in medical fraud.
 
 
 8
 Appellants' argument that psychic surgery is not a fraud misses the mark.[4] Whether or not psychic surgery is a valid means of healing a diseased individual or whether Magno is ultimately convicted of the fraud charge is irrelevant to resolution of appellants' claims.[5] Appellants' claims were therefore properly dismissed.
 
 ATTORNEYS' FEES
 
 9
 The Rileys and Wright contend that the award of attorneys' fees against them was improperly granted. Because no notice of appeal from the order granting attorneys' fees was filed, we lack jurisdiction to review the award. Culinary & Serv. Employees Union, Local 555 v. Hawaii Employee Benefit Admin., 688 F.2d 1228, 1232 (9th Cir.1982) ("Where no notice of appeal from a post-judgment order awarding attorneys' fees is filed, the court of appeals lacks jurisdiction to review the order."). We decline the request made by Henderson and Jones for attorneys' fees on appeal.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 Appellants allege that Magno is a practitioner of "spiritual surgery." Otherwise known as "psychic healers" or "psychic surgeons," such individuals allegedly use psychic powers to remove tumors and other diseased tissues from patients without making any surgical incision or using any surgical equipment
 
 
 [2]
 The complaint also alleged claims under 42 U.S.C. Sec. 1985(3), 18 U.S.C. Sec. 241, and an antitrust claim. Appellants do not appeal the dismissal of these claims
 
 
 [3]
 The complaint also alleged claims under 42 U.S.C. Sec. 1986 and 18 U.S.C. Sec. 241. Farley does not appeal the dismissal of his claim under 18 U.S.C. Sec. 241. He is precluded from bringing a claim under 42 U.S.C. Sec. 1986 because he has failed to allege a claim under 42 U.S.C. Sec. 1985. See Browder v. Tipton, 630 F.2d 1149, 1155 (6th Cir.1980) (section 1986 claim is dependent upon predicate section 1985 claim)
 
 
 [4]
 Pulos states in his affidavit that he has studied the "psychic surgeons" and has personally witnessed over 8000 "psychic operations" from within several feet of the operations. He states that only between 2-5% of the operations contain any fraud, and those that do usually involve lesser known healers. He speaks of spiritual surgery as being a "real valid phenomena" that "has helped thousands ... from chronic illness."
 
 
 [5]
 To hold otherwise would discourage the enforcement of laws in situations in which the conduct at issue is even remotely connected to a religious belief