James Al MARTIN;  et al.,
Plaintiffs–Appellants,

v.

WELLS FARGO FINANCIAL
ALASKA, INC., Defendant–
Appellee.

James Al Martin;  et al., Plaintiffs–
Appellants,

v.

Wells Fargo Financial, Inc.,
Defendant–Appellee.

Nos. 05–35392, 05–35723.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 21, 2006.*

Filed Aug. 28, 2006.

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

James Al Martin, Margaret E. Martin, Juneau, AK, for Plaintiff–Appellant.

Jon S. Dawson, Esq., Eric J. Jenkins, Esq., Davis Wright Tremaine, LLP, Anchorage, AK, for Defendant–Appellee.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

### MEMORANDUM **

In No. 05–35392, James and Margaret Martin appeal pro se from the district court's summary judgment in favor of Wells Fargo Financial Alaska, Inc. ("WFF Alaska") in their action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and seeking confirmation of an alleged arbitration award against WFF Alaska. In No. 05–35723, the Martins appeal pro se from the district court's order denying their application to confirm two similar arbitration awards against WFF Alaska's parent corporation. We have jurisdiction pursuant to 28 U.S.C. § 1291.

■ "[E]ven when a petition is brought under the Federal Arbitration Act (FAA), a petitioner seeking to confirm or vacate an arbitration award in federal court must establish an independent basis for federal jurisdiction." *Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 833 (9th Cir. 2004). Although the Martins raised questions of federal law under the FDCPA, those claims are derivative of their petition for confirmation, which raises no question of federal law. *See id.* at 836

(holding that petitions for confirmation or vacatur must show how the ultimate disposition of the matter by the federal court necessarily depends on resolution of a substantial question of federal law). Because we conclude there was no basis for federal jurisdiction in the Martins' petition for confirmation of their award against WFF Alaska, we vacate and remand No. 05–35392, with instructions that the district court dismiss for lack of subject-matter jurisdiction.

■ By contrast, in No. 05–35723, diversity provided a basis for federal jurisdiction in the Martins' attempt to confirm the arbitration awards against WFF Alaska's parent company, which is a citizen of Iowa. After de novo review, *Poweragent Inc. v. Electronic Data Systems Corp.*, 358 F.3d 1187, 1193 (9th Cir.2004), we conclude the district court properly vacated those awards because the underlying arbitrations were not conducted in accordance with the terms of the parties' arbitration agreement. *See Western Employers Ins. Co. v. Jefferies & Co., Inc.*, 958 F.2d 258, 261 (9th Cir.1992) (citing *Volt Info. Sciences, Inc. v. Leland Stanford Jr. Univ.*, 489 U.S. 468, 478, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989)).

■ We lack jurisdiction to consider the district court's award of attorney's fees because a post-judgment order granting attorney's fees must be separately appealed, and the Martins did not file a separate notice of appeal or amend their earlier notice of appeal. *See Farley v. Henderson*, 883 F.2d 709, 712 (9th Cir. 1989) (per curiam).

Appellants' remaining contentions lack merit.

The parties shall bear their own costs on appeal.

No. 05–35392 VACATED and RE-MANDED.

No. 05–35723 AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule