**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 05 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JJCO, INC., DBA Jackson Isuzu, a Hawaii corporation, | No. 10-16597 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-00419-SOM-LEK |
| v. | |
| ISUZU MOTORS AMERICA, INC., a Michigan corporation; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Argued and Submitted June 14, 2012
Honolulu, Hawaii

Before: SCHROEDER, CALLAHAN, and N.R. SMITH, Circuit Judges.

JJCO, Inc. ("JJCO") appeals the district court's judgment, following a jury

trial, in favor of Isuzu Motors America, Inc. ("Isuzu") in JJCO's diversity action

alleging that Isuzu acted unlawfully when it ceased distributing motor vehicles in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

North America and offered its dealer JJCO the option of being a service-only

dealer. JJCO also appeals from the district court's denial of its motion to alter or

amend the judgment. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. JJCO could be held to have waived its ability to contest the sufficiency of

the evidence supporting the jury's finding that JJCO did not pay a franchise fee,

because JJCO omitted a significant amount of documents from its excerpts of

record. *See In re O'Brien*, 312 F.3d 1135, 1137 (9th Cir. 2002). Specifically,

JJCO failed to include transcripts of Isuzu's cross-examination of JJCO's

witnesses and direct examination of Isuzu's witnesses in the excerpts of record.

*See also Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991) (per

curiam) (appellant's failure to provide trial transcripts and provision of only five of

the thirty-five exhibits offered by appellee at trial, justified summary affirmance).

We nevertheless address the issue and affirm on the merits, because the

district court did not abuse its discretion in finding that there was adequate

evidence to support the jury's finding that JJCO did not pay a "franchise fee"

under the Hawaii Franchise Investment Law. Though JJCO presented evidence of

payment of fees, JJCO did not present evidence that these fees were paid "for the

right to enter into a business or to continue a business under a franchise

agreement." Haw. Rev. Stat. § 482E-2. Therefore, the district court was correct

2

that the jury's finding was not against the clear weight of the evidence.  *See*

*Wallace v. City of San Diego*, 479 F.3d 616, 630 (9th Cir. 2007).

2.  The district court did not abuse its discretion in excluding JJCO's

proposed jury instructions on Hawaii Franchise Investment Law.  With respect to

JJCO's challenges to the jury instructions or proposed instructions, the district

court correctly determined that JJCO's proposed instructions were cumulative,

argumentative, not supported by the law, or not supported by the record.  *See*

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1064 (9th Cir.

2008); *Mitchell v. Keith*, 752 F.2d 385, 389 (9th Cir. 1985).

3.  The district court properly rejected JJCO's claim for coercion under

Hawaii Motor Vehicle Industry Licensing Act as a matter of law.  Upon request

from the district court, JJCO was unable to cite any authority for a private right of

action.  No authority for a private right of action was cited in the complaint either.

Thus, JJCO's attempts to cite this authority on appeal have been waived.

Moreover, even if the argument were properly before this court, JJCO failed

to show any coercion.  JJCO did not enter into the agreement offered by Isuzu, and

JJCO acknowledged that it "had all the rights that [it] had – that [it] would have

had if that offer had never been made," and JJCO "had every right to decline that

offer, which [it] did." Therefore, the Service Agreement provided dealers with additional options, but it did not diminish preexisting options.

4. The district court properly granted Isuzu's motion for a judgment as a matter of law on the claims for fraudulent nondisclosure and punitive damages. *See Martin v. Cal. Dep't of Veterans Affairs*, 560 F.3d 1042, 1046 (9th Cir. 2009). First, all of the record excerpts JJCO relies on merely show that Isuzu was considering an option to stop distributing cars after September 2007, but not that any final decisions had been made until January 30, 2008. January 30, 2008 was the same day that Isuzu disclosed its decision to the dealers. There was no fiduciary relationship between the parties requiring disclosure of un-finalized business decisions under consideration. JJCO and Isuzu had not entered into a franchise agreement. Furthermore, Isuzu was "free to make pricing and distribution decisions for its own benefit . . . ." *Boat & Motor Mart v. Sea Ray Boats, Inc.*, 825 F.2d 1285, 1292 (9th Cir. 1987). Thus, the district court also correctly granted Isuzu's motion for judgment as a matter of law as to JJCO's punitive damages claim, because the claim was dependent upon JJCO's fraud claim. *See Kang v. Harrington*, 587 P.2d 285, 291 (Haw. 1978).

5. The district court did not abuse its discretion in excluding documents received from General Motors. *See Surfvivor Media, Inc. v. Survivor Prods.*, 406

4

F.3d 625, 630 (9th Cir. 2005). JJCO was unable to provide any evidence that Isuzu was aware of the proffered GM documents or their contents. Therefore, the district court's ruling based on relevancy was not "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from facts in the record." *See United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) (internal quotation marks omitted).

6. The district court's denial of JJCO's summary judgment motion is not properly before this court, because "the denial of a motion for summary judgment is not reviewable on an appeal from a final judgment entered after a full trial on the merits." *Locricchio v. Legal Servs. Corp.*, 833 F.2d 1352, 1359 (9th Cir. 1987). It would be "unjust to deprive a party of a jury verdict after the evidence was fully presented, on the basis of an appellate court's review of whether the pleadings and affidavits at the time of the summary judgment motion demonstrated the need for a trial." *Id*. Furthermore, the factually dependent question of whether JJCO paid a franchise fee to Isuzu was not an "abstract issue of law . . . ." *Price v. Kramer*, 200 F.3d 1237, 1244 (9th Cir. 2000). Therefore, we do not address this argument.

7. The district court properly concluded that there was no independent tort claim for breach of an implied covenant of good faith and fair dealing under Hawaii law. *See Francis v. Lee Enters., Inc.*, 971 P.2d 707, 717 (Haw. 1999).

5

Furthermore, JJCO did not appeal the jury's finding that JJCO had not proved by a preponderance of the evidence that Isuzu breached the contract between the parties. Therefore, we need not address any covenant of good faith claim arising from that contract dispute.

8. We lack jurisdiction over JJCO's appeal of the district court's order awarding attorneys' fees, because JJCO did not file a notice of appeal for the district court's post-judgment order awarding attorneys' fees pursuant to Federal Rules of Appellate Procedure 4(a)(4)(B)(ii). *See Farley v. Henderson*, 883 F.2d 709, 712 (9th Cir. 1989) (per curiam).

9. JJCO's motion for certification to the Hawaii Supreme Court filed on December 1, 2011 is denied. JJCO did not request certification before the district court. In addition, there is a presumption against certifying questions after the district court has reached a final decision. *See Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008). JJCO has not met its burden of showing why certification is necessary.

**AFFIRMED.**